LEVINSON v PAYSON

OPINION OF THE COURT

1. WORKMEN'S COMPENSATION—JUDGMENT—ACCELERATED JUDGMENT
   —EMPLOYER'S LIABILITY—STATUTES.

   A trial court's grant of accelerated judgment in favor of a
   defendant employer, in a negligence action brought by an
   injured employee, on the basis that the employee's sole remedy
   was under the Worker's Disability Compensation Act must be
   remanded for trial where the trial court's ruling is not sup-
   ported by the necessary finding that the defendant was an
   employer liable only for compensation and benefits under the
   act (MCLA 418.131; MSA 17.237[131]).

DISSENT BY M. J. KELLY, J.

2. WORKMEN'S COMPENSATION—EMPLOYERS—LABOR BROKERS—QUES-
   TION OF LAW.

   *The question of whether a party who employs, through a labor
   broker, a licensed practical nurse to care for his children is an
   employer for purposes of workmen's compensation is an issue
   of law.*

3. WORKMEN'S COMPENSATION—EMPLOYER'S LIABILITY—LABOR BRO-
   KERS—STATUTES.

   *An employer assumed workmen's compensation liability under
   the Worker's Disability Compensation Act as a matter of law
   where the employer obtained the services of a nurse through a
   labor broker and paid the broker a consideration, a portion of
   which was used by the broker to purchase workmen's compen-
   sation insurance (MCLA 418.121; MSA 17.237[121]).*

Appeal from Oakland, Robert B. Webster, J.
Submitted December 15, 1976, at Detroit. (Docket
No. 23902.) Decided March 1, 1977.

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation §§ 572–612.
[2, 3] 82 Am Jur 2d, Workmen's Compensation § 547.

Complaint by Lorie L. Levinson against Anthony and Lois Payson for damages for injuries received in a fall. Accelerated judgment for defendants. Plaintiff appealed. Affirmed, 40 Mich App 415. On appeal to the Supreme Court, reversed and remanded to the circuit court, 388 Mich 792. The circuit court again granted accelerated judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Gerald R. Hershberger,* for plaintiff.

*Lacey & Jones* (by *Hayim I. Gross*), for defendants.

Before: T. M. BURNS, P. J., and M. J. KELLY and D. F. WALSH, JJ.

T. M. BURNS, P. J. Plaintiff, a licensed practical nurse, secured employment through a labor broker called Homemakers, Inc. On January 2, 1970, plaintiff was sent by Homemakers to care for the defendants' children while Mrs. Payson recovered from childbirth. While working in defendants' home, plaintiff slippped and fell and sustained serious injuries.

Plaintiff filed a negligence action against the defendants based on the accident. The trial court granted accelerated judgment for the defendants, finding as a matter of law that plaintiff's sole remedy was under the Workmen's Compensation Act. This Court affirmed at 40 Mich App 415; 198 NW2d 913 (1972). The Michigan Supreme Court reversed and remanded the matter to the trial court for further proceedings. *Levinson v Payson,* 388 Mich 792 (1972). Two years later, on December 3, 1974, the defendants moved for accelerated judgment. The trial court granted the defendants'

motion for accelerated judgment on January 9, 1975. Plaintiff appeals.

Central to this dispute is the principle that plaintiff's recovery of workmen's compensation benefits is her exclusive remedy against "the employer". MCLA 418.131; MSA 17.237(131). Plaintiff recovered workmen's compensation benefits under a redemption agreement with Homemakers, Inc. Plaintiff now seeks to recover against the defendants as third-party (nonemployer) tortfeasors. Defendants assert that they were employers of the plaintiff at the time of the injury and thus are protected from liability under MCLA 418.131.

Whether the defendants are protected from liability by the exclusive remedy provision of the Worker's Disability Compensation Act depends upon whether they were (1) employers of the plaintiff who were (2) liable as employers under the Worker's Disability Compensation Act. *Renfroe v Higgins Rack Coating & Mfg Co, Inc,* 17 Mich App 259; 169 NW2d 326 (1969).

In granting accelerated judgment for the defendants the trial court found that the defendants were employers of the plaintiff. There was no finding made that the defendants were employers subject to the Worker's Disability Compensation Act.

The Worker's Disability Compensation Act applies to certain employers mandatorily [MCLA 418.115; MSA 17.237(115)], and to certain other employers by choice [MCLA 418.121; MSA 17.237(121)]. It appears that the defendants do not meet any of the definitions of "employer" under § 115 of the act. Under the facts of this case, it may be that the only way in which the defendants could have been liable for compensation and benefits under the act was if they took the proper steps

to assume liability under § 121. See MCLA 418.118(2); MSA 17.237(118)(2).

The trial court's ruling that plaintiff's sole remedy was under the Worker's Disability Compensation Act is not supported by the record as the necessary preliminary findings, that the defendants were employers of the plaintiff and liable as such for compensation and benefits under the Worker's Disability Compensation Act, have not been made.

The order of the trial court granting accelerated judgment is reversed. This cause is remanded for trial. If defendants file a motion for accelerated judgment under GCR 1963, 116.1(5) alleging that the action is barred by § 131 of the Worker's Disability Compensation Act, trial of the issue before the court shall be ordered. Costs of this appeal are granted to the plaintiff.

D. F. WALSH, J., concurred.

M. J. KELLY, J. *(dissenting).* When the Supreme Court peremptorily reversed this Court in *Levinson v Payson,* 40 Mich App 415; 198 NW2d 913 (1972), *rev'd* 388 Mich 792 (1972), it remanded the case to circuit court without a hint as to what the circuit court should do. The circuit court was probably uncertain, and justifiably so, as to the viability of *Renfroe v Higgins Rack Coating & Mfg Co, Inc,* 17 Mich App 259; 169 NW2d 326 (1969), which was relied on by this Court and the circuit court. That viability has recently been vindicated in *Askew v Macomber,* 398 Mich 212; 247 NW2d 288 (1976), as both the majority and minority in *Askew* quoted the *Renfroe* decision without deprecation of any kind. Further, *Askew* establishes that the issue of whether the Paysons in the present case

are an employer for purposes of workmen's compensation is an issue of law.

The record in this case establishes that a portion of the Paysons' payment to Homemakers, Inc. was used by Homemakers to purchase the compensation coverage extending to plaintiff's employment. I would hold that, as a matter of law, the defendants assumed workmen's compensation liability under MCLA 418.121; MSA 17.237(121) through the placing of the consideration in the hands of Homemakers, the labor broker, which did in fact purchase the workmen's compensation insurance. Therefore, the defendants are protected from liability by the exclusive remedy provision of the Worker's Disability Compensation Act, MCLA 418.131; MSA 17.237(131), and it is unnecessary to remand this case to the circuit court.

There is also a fundamental fairness issue involved here: Under a contrary holding the denouement would result in the workmen's compensation carrier being subrogated to the rights of the labor broker to the extent of its lien for the compensation redemption settlement against the Paysons, the very persons who paid the premium for the coverage and protection involved. Such a result is offensive to reason.

I would affirm.