HOLDEN v FORD MOTOR COMPANY (AFTER REMAND, ON SECOND REMAND

Docket No. 195440. Submitted July 8, 1997, at Detroit. Decided October 24, 1997, at 9:10 A.M. Leave to appeal sought.

Emaline F. Holden sought worker's compensation death benefits after her husband, Carl Holden, a Ford Motor Company employee, died at work. Following a hearing, at which the plaintiff's experts testified that Carl Holden died of a job-related myocardial infarction and the defendant testified that his death resulted from an arrhythmia unrelated to the job, the magistrate denied benefits on the ground that the plaintiff failed to establish the requisite nexus between the claimed injury to the heart and work. The Worker's Compensation Appellate Commission, acknowledging the limited scope of administrative appellate review, concluded that because the magistrate had failed to find whether the deceased sustained cardiac damage it was incumbent on the WCAC to do so, found the requisite relationship between the cardiac damage and the deceased's work, and ruled the death compensable. The Court of Appeals, REILLY, P.J., and GILLIS and CYNAR, JJ., reversed the WCAC's order on the ground that the magistrate's findings regarding the speculative connection between an incident in which the decedent climbed the stairs on his way to his office and his heart attack shortly thereafter was supported by competent, material, and substantial evidence on the whole record. 185 Mich App 305 (1990). The Supreme Court granted the plaintiff leave to appeal, while holding in abeyance the defendant's application for leave to appeal as cross-appellant. 437 Mich 925 (1991). The Supreme Court then reversed the judgment of the Court of Appeals, holding that the WCAC had not exceeded its power of review in reversing the magistrate's decision and that the Court of Appeals had exceeded its power of review in reversing the WCAC's decision. 439 Mich 257 (1992). The Supreme Court, in lieu of granting the defendant leave to appeal as cross-appellant, remanded the case to the Court of Appeals for consideration in light of *Farrington v Total Petroleum, Inc*, 442 Mich 201 (1993). 444 Mich 858 (1993). On remand, the Court of Appeals, REILLY, P.J., and TAYLOR and CORRIGAN, JJ., in an unpublished opinion per curiam, issued November 18, 1993 (Docket No. 168771), remanded the matter to the WCAC for further

consideration in light of *Farrington*. On remand, the WCAC affirmed the decision of the magistrate and denied benefits. The WCAC found that it was obligated to apply *Farrington* to the facts as found in its previous opinion. Finding that the decedent's act of stair climbing was part of his daily routine at work, the WCAC characterized the act as part of the decedent's general employment-related stress rather than as a specific event. The WCAC found that when the work-related incident of stair climbing was balanced against nonoccupational factors, benefits should be denied. The WCAC concluded that under the totality of the circumstances, the decedent's heart injury was not contributed to or accelerated in a significant manner by his work as required by MCL 418.301(2); MSA 17.237(301)(2). The Court of Appeals denied the plaintiff's application for leave to appeal from the WCAC's decision on remand in an unpublished order entered July 25, 1995 (Docket No. 183665). The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for consideration as on leave granted. 451 Mich 920 (1996).

After remand, on second remand, the Court of Appeals *held*:

1. The WCAC, on remand, neither engaged in new fact finding nor improperly applied *Farrington*. It is not proper to infer from the finding of the WCAC in its initial opinion—that the act of stair climbing precipitated the decedent's heart attack—that the stair climbing contributed to the fatal attack in a significant manner. On remand, the WCAC was required to apply *Farrington* in order to determine if the event of stair climbing contributed to the decedent's fatal heart attack in a significant manner when viewed in light of other occupational factors as well as nonoccupational factors. The WCAC answered the question in the negative.

2. The evidence showed that the decedent worried constantly about all aspects of his job. However, under *Farrington*, generalized stress does not support a finding of compensability. The WCAC's conclusion that the decedent's fatal heart attack was not causally related to his employment was supported by competent evidence. The WCAC's analysis on remand comported with its authority.

Affirmed.

1. WORKER'S COMPENSATION — APPELLATE COMMISSION — FINDINGS OF FACT.

Findings of fact made by a magistrate are to be considered conclusive by the Worker's Compensation Appellate Commission if they are supported by competent, material, and substantial evidence on the whole record; where the WCAC finds that the magistrate did not rely on competent evidence, it must detail its findings and the reasons therefor as grounded in the record and the WCAC may then make its

own findings, which are conclusive if the WCAC was acting within its powers; appellate review is limited to a determination whether the WCAC exceeded its authority (MCL 418.861a[3]; MSA 17.237[861a] [3]).

2. WORKER'S COMPENSATION — HEART AND CARDIOVASCULAR CONDITIONS.

The Worker's Disability Compensation Act provides that heart and cardiovascular conditions are compensable if they are contributed to or aggravated or accelerated by the employment in a significant manner; the significant-manner standard applies both to cases in which the employee's work combines with a preexisting condition and results in an actual injury and to cases in which the employee's work combines with a preexisting condition and aggravates that condition to the point of disability; the heart injury, to be compensable, must be significantly caused or aggravated by employment considering the totality of all the occupational factors and the claimant's health circumstances and nonoccupational factors (MCL 418.301[2]; MSA 17.237[301][2]).

*Thomas J. Bertino* (*Daryl Royal*, of Counsel), for the plaintiff.

*John M. Thomas* and *Sarah G. Tomai*, for the defendant.

AFTER REMAND, ON SECOND REMAND

Before: DOCTOROFF, P.J., and MACKENZIE and GRIFFIN, JJ.

PER CURIAM. This case has been remanded by our Supreme Court for a second time, for consideration as on leave granted. Plaintiff Emaline Holden appeals a decision by the Worker's Compensation Appellate Commission (WCAC) on remand from this Court affirming the decision of the magistrate and denying benefits. We affirm.

Plaintiff's decedent, Carl Holden, worked for defendant Ford Motor Company as supervisor of food services. The decedent managed three dining rooms and four cafeterias. In addition to planning and exe-

cuting daily meals, he was responsible for food services for executive dinners, company parties, and the annual Detroit Grand Prix weekend. Events such as executive dinners and the Grand Prix weekend were stressful for the decedent because he wanted to make a good impression. In addition to experiencing stress at work, the decedent was a heavy smoker and had had a drinking problem in the past.

On July 11, 1986, the decedent arrived at his office at 8:30 A.M. He was a grayish color. In response to an inquiry about his condition, the decedent stated that he had just climbed the stairs and was not feeling well. Shortly thereafter, he was found lying over his desk. The decedent died at the hospital. The death certificate listed hypertensive and arteriosclerotic heart disease as the cause of death.

Plaintiff sought worker's compensation death benefits. She testified that in the year before his death, the decedent had experienced a great deal of stress because of the demands of his job.

The medical testimony differed. Dr. Werner Spitz, who performed an autopsy and signed the death certificate, opined that the decedent's heart disease had been aggravated by the stress of his job. The stress resulted in a fatal heart attack. Dr. Spitz cited the worry that accompanied the decedent's increased work load, and the climbing of the stairs on the last day of his life, as specific events that caused or significantly contributed to the decedent's heart damage. Dr. Donald Newman reviewed the decedent's death certificate and his medical history, the autopsy report, and the statements of other witnesses, and opined that the decedent's act of climbing the stairs was the most significant factor that precipitated the heart

attack. Dr. Robert Gerisch examined slides of the decedent's heart muscle prepared by Dr. Spitz and found no evidence of an old or a recent heart attack. He stated that stress did not cause or accelerate arteriosclerosis and concluded that the decedent's work did not cause or accelerate his heart disease.

The magistrate denied benefits on the basis that the evidence did not show a causal nexus between the decedent's death and specific incidents in the workplace. The WCAC reversed the magistrate's decision and awarded benefits. Finding that the decedent sustained heart damage, the WCAC concluded that the magistrate's finding that no causal connection existed between that damage and the decedent's employment was not supported by the requisite evidence. The evidence showed that the decedent suffered from increased stress shortly before his death. On the morning of his death he climbed three flights of stairs and within minutes had a heart attack.

In *Holden v Ford Motor Co*, 185 Mich App 305; 460 NW2d 316 (1990), this Court reversed the WCAC's decision on the ground that the magistrate's findings regarding the speculative connection between the stair-climbing incident and the decedent's heart attack was supported by competent, material, and substantial evidence on the whole record.

The Supreme Court granted the plaintiff leave to appeal, while holding in abeyance the defendant's application for leave to appeal as cross-appellant. 437 Mich 925 (1991). In *Holden v Ford Motor Co*, 439 Mich 257; 484 NW2d 227 (1992), our Supreme Court reversed this Court's decision. The Supreme Court held that the WCAC had not exceeded its power of review in reversing the magistrate's decision and that

this Court had exceeded its power of review in reversing the WCAC's decision. The Supreme Court, in lieu of granting defendant leave to appeal as cross-appellant, remanded the case to this Court for consideration in light of *Farrington v Total Petroleum, Inc*, 442 Mich 201; 501 NW2d 76 (1993). 444 Mich 858 (1993). In turn, on remand, we remanded the case to the WCAC for further consideration in light of *Farrington, supra. Holden v Ford Motor Co (On Remand)*, unpublished opinion per curiam of the Court of Appeals, issued November 18, 1993 (Docket No. 168771).

On remand, the WCAC affirmed the decision of the magistrate and denied benefits. The WCAC found that it was obligated to apply *Farrington, supra,* to the facts as found in its previous opinion. In discussing the medical testimony, the WCAC found that Dr. Spitz' conclusions were not sound because the statements on which he based conclusions about the requirements of the decedent's job either were not in the record or were vague. Dr. Newman found that the decedent's death was significantly aggravated by his arteriosclerotic heart disease and that the decedent's act of climbing stairs the morning he died was the last in a string of significant factors. Dr. Gerisch did not find evidence of a heart attack and opined that the decedent died of arteriosclerosis. Finding that the decedent's act of stair climbing was part of his daily routine at work, the WCAC characterized the act as part of the decedent's general employment-related stress rather than as a specific event. The WCAC acknowledged that while under the *Farrington, supra,* test routine work activities can contribute to a heart injury in a significant manner, other, nonoccupational

factors must also be considered. The WCAC found that when the work-related incident of stair climbing was balanced against nonoccupational factors, benefits should be denied. The decedent was a fifty-six-year-old male, was somewhat overweight, had preexisting hypertension and arteriosclerosis, smoked 2½ to 3 packs of cigarettes a day, and had had a drinking problem. The WCAC concluded that under the totality of the circumstances, the decedent's heart injury was not contributed to or accelerated in a significant manner as required by MCL 418.301(2); MSA 17.237(301)(2). The Court of Appeals denied the plaintiff's application for leave to appeal from the WCAC's decision on remand in an unpublished order entered July 25, 1995 (Docket No. 183665). The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for consideration as on leave granted. 451 Mich 920 (1996).

Findings of fact made by a magistrate are to be considered conclusive by the WCAC if they are supported by competent, material, and substantial evidence on the whole record. MCL 418.861a(3); MSA 17.237(861a)(3). If a magistrate's decision is supported by the requisite evidence, the WCAC need go no further in its review. If the WCAC finds that the magistrate did not rely on competent evidence, it must detail its findings and the reasons therefor as grounded in the record. The WCAC may then make its own findings. Those findings are conclusive if the WCAC was acting within its powers. Appellate review is limited to a determination whether the WCAC exceeded its authority. *Goff v Bil-Mar Foods, Inc (After Remand)*, 454 Mich 507, 514-517; 563 NW2d 214 (1997).

MCL 418.301(2); MSA 17.237(301)(2) states that heart and cardiovascular conditions are compensable if they are "contributed to or aggravated or accelerated by the employment in a significant manner." In *Farrington, supra,* our Supreme Court found that because the Legislature included the "significant manner" language in both § 301(2) and MCL 418.401(2)(b); MSA 17.237(401)(2)(b), it intended the standard to apply to both specific-injury claims and occupational-disease claims. The *Farrington* Court found that the Legislature intended that in order to receive benefits, a claimant who suffered a heart injury must establish that the claimant's employment significantly caused or aggravated the injury:

> Thus, the legislative policy evidenced for heart disease after the 1982 amendments would restrict benefits to claimants under the second prong of *Kostamo* [*v Marquette Iron Mining Co*, 405 Mich 105; 274 NW2d 411 (1979)], as in the instant case, who could establish that their heart disease and injury were significantly caused or aggravated by employment. Included in this standard is the requirement that claimants also prove that the alleged cardiac injury resulting from work activities went beyond the manifestation of symptoms of the underlying disease. The heart injury must be significantly caused or aggravated by employment considering the totality of all the occupational factors and the claimant's health circumstances and nonoccupational factors. [*Farrington, supra* at 216-217.]

The significant-manner standard of § 301(2) applies both to cases in which the employee's work combines with a preexisting condition and results in an actual injury and to cases in which the employee's work combines with a preexisting condition and aggravates that condition to the point of disability.

On appeal, plaintiff argues that the WCAC exceeded the scope of its powers by making new findings of fact, notwithstanding its acknowledgment that it was bound by the facts as found in its previous opinion. In its previous opinion, the WCAC found that Dr. Spitz' testimony was more persuasive than that given by Dr. Gerisch. Our Supreme Court held that the WCAC adequately explained its reason for doing so. *Holden, supra,* 439 Mich 277-278. However, in its opinion on remand, the WCAC rejected Dr. Spitz' testimony and instead relied on Dr. Gerisch's opinion that the decedent had a "100% chance" of having a heart attack at some time and that the attack he did have was not work-related.

Furthermore, plaintiff asserts that on remand the WCAC failed to properly apply *Farrington, supra.* The testimony of Dr. Spitz, previously affirmed, supported a finding that the act of stair climbing precipitated the decedent's fatal heart attack. Given that testimony, by which the WCAC was bound, the object on remand should have been to determine whether the testimony supported a finding that the climbing contributed to the decedent's death in a significant manner. Rather than adhering to the *Farrington, supra,* holding that everyday work activity can contribute to a heart injury in a significant manner, the WCAC found that the act of stair climbing was part of the decedent's daily work routine. Under such an analysis, an everyday activity could never contribute to a heart injury in a significant manner. The WCAC failed to consider work-related stresses brought on by the decedent's duties in connection with executive dinners and the Grand Prix weekend and gave too much consideration to nonoccupational factors.

We disagree with plaintiff's contention and affirm the WCAC's decision. Plaintiff's contention that the WCAC made new findings of fact has merit only if it is concluded that in its initial opinion the WCAC's finding that the act of stair climbing precipitated decedent's heart attack was a finding that the stair climbing contributed to the fatal attack in a significant manner. No such finding can be inferred from the WCAC's initial opinion. The case was remanded for application of *Farrington, supra,* so that such an analysis could be made.

The WCAC neither engaged in new fact finding nor improperly applied *Farrington, supra.* The causal link between employment and disability must be shown by evidence of specific events. While these events need not be unusual, they must be specific and work-related. On remand, the WCAC was required to apply *Farrington, supra,* in order to determine if the event of stair climbing contributed to the decedent's fatal heart attack in a significant manner when viewed in light of other occupational factors as well as nonoccupational factors. The WCAC answered this question in the negative. Plaintiff did not deny the existence of nonoccupational risk factors. Moreover, plaintiff pointed to only one specific incident, the stair climbing, that she claimed to have contributed to the decedent's fatal heart attack. Plaintiff's claim that the WCAC erred in failing to consider generalized stress the decedent felt while working on executive dinners and the Grand Prix weekend is without merit. The evidence showed that the decedent worried constantly about all aspects of his job. Under *Farrington, supra,* generalized stress does not support a finding of compensability. The WCAC's conclusion that the

decedent's fatal heart attack was not causally related to his employment was supported by competent evidence. The WCAC's analysis on remand comported with its authority. *Goff, supra.*

Affirmed.