EDELBERG v LECO CORPORATION

Docket No. 208126. Submitted May 5, 1999, at Grand Rapids. Decided
    June 11, 1999, at 9:10 A.M.

    Robert Edelberg brought an action in the Berrien Circuit Court
    against Leco Corporation, alleging wrongful discharge from
    employment that was terminable at will by either party. The plain-
    tiff contended that he was discharged for exercising rights con-
    ferred by the Worker's Disability Compensation Act (WDCA), MCL
    418.101 et seq.; MSA 17.237(101) et seq., and the Michigan Employ-
    ment Security Act (MESA), MCL 421.1 et seq.; MSA 17.501 et seq., so
    as to make the discharge in violation of public policy. The plaintiff
    argued that he was discharged for refusing to sign a waiver and
    release of all claims against the defendant and that the requested
    waiver and release contravened MCL 418.815; MSA 17.237(815) and
    MCL 421.31; MSA 17.533, which provide that no agreement by an
    employee to waive rights to compensation under the WDCA and to
    rights to benefits under the MESA, respectively, shall be valid. The
    court, Lynda A. Tolen, J., granted summary disposition for the
    defendant, ruling that the plaintiff had failed to state a claim on
    which relief could be granted. The plaintiff appealed.

    The Court of Appeals held:

    In refusing to sign the waiver and release, the plaintiff was not
    exercising rights conferred by MCL 418.815; MSA 17.237(815) and
    MCL 421.31; MSA 17.533. These statutes do not grant specific rights
    to individuals; rather, they serve to invalidate agreements that pur-
    port to limit the rights of individuals. Furthermore, the plaintiff's
    subjective and erroneous belief that by signing the waiver and
    release he would waive his rights under the WDCA and the MESA fails
    to establish a claim inasmuch as such rights, by statute, cannot be
    waived.

    Affirmed.

MASTER AND SERVANT — AT-WILL EMPLOYMENT — PUBLIC POLICY EXCEPTIONS.

    An employment contract for an indefinite term is terminable at will
    by either party; discharge from at-will employment is so contrary to
    public policy as to be actionable where the employee is discharged
    in violation of an explicit legislative statement prohibiting dis-
    charge of employees who act in accordance with a statutory right

or duty, the employee is discharged for the failure or refusal to violate the law in the course of employment, or the employee is discharged for exercising a right conferred by a well-established legislative enactment.

*John T. Burhans*, for the plaintiff.

*Miller, Johnson, Snell & Cummiskey, P.L.C.* (by *Jon R. Muth* and *Jennifer L. Jordan*), for the defendant.

Before: HOEKSTRA, P.J., and SAAD and R. B. BURNS*, JJ.

SAAD, J. Plaintiff, Robert Edelberg, appeals as of right from an order granting summary disposition in favor of defendant, Leco Corporation, pursuant to MCR 2.116(C)(8). We affirm.

I

FACTS AND PROCEEDINGS

Plaintiff was suspended pending discharge for sleeping and loafing on the job. Defendant offered to commute this penalty to suspension without pay if plaintiff would sign a "Last Chance Agreement" waiving and releasing any claims, suits, or causes of action against defendant. Because plaintiff refused to sign the agreement, the suspension pending discharge was converted to discharge and, accordingly, plaintiff's employment was terminated.

Plaintiff says that he refused to sign the agreement because he was unwilling to waive his rights to unem-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

ployment benefits or worker's compensation.[1] Plaintiff filed this wrongful discharge action, claiming that his termination of employment contravenes Michigan's public policy. Plaintiff alleges that his termination was contrary to well-established legislative enactments pertaining to prohibitions against waivers of rights under the Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.*, and the Michigan Employment Security Act (MESA), MCL 421.1 *et seq.*; MSA 17.501 *et seq.* The trial court granted defendant's motion for summary disposition, and plaintiff appealed.

II

ANALYSIS

We review de novo a grant of summary disposition that is based on a failure to state a claim. *Beaty v Hertzberg & Golden, PC,* 456 Mich 247, 253; 571 NW2d 716 (1997). Motions under MCR 2.116(C)(8) test the legal sufficiency of the claim on the pleadings alone to determine if the plaintiff has stated a claim on which relief may be granted. *Spiek v Dep't of Transportation,* 456 Mich 331, 337; 572 NW2d 201 (1998). The court must grant the motion if no factual development could justify the plaintiff's claim for relief. *Id.*

Plaintiff was an at-will employee, meaning that either he or his employer could terminate the employment relationship at any time for any, or no, reason. *Suchodolski v Michigan Consolidated Gas Co,* 412

---

[1] Plaintiff contends that he believed he may have suffered adverse effects from his exposure to workplace chemicals.

Mich 692, 694-695; 316 NW2d 710 (1982). In the absence of a contractual basis for holding otherwise, an employment contract for an indefinite term is terminable at will by either party. *Id.*; see *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980). In *Suchodolski,* our Supreme Court recognized three situations where the discharge is so contrary to public policy as to be actionable though the employment is at will. The three public policy exceptions to the at-will doctrine apply when (1) the employee is discharged in violation of an explicit legislative statement prohibiting discharge of employees who act in accordance with a statutory right or duty, (2) the employee is discharged for the failure or refusal to violate the law in the course of employment, and (3) the employee is discharged for exercising a right conferred by a well-established legislative enactment. *Id.,* 695-696. Plaintiff claims that this action is based on the third prong of *Suchodolski.*[2]

The trial court dismissed plaintiff's claim because plaintiff's public policy cause of action does not apply where the employee is discharged in anticipation of a future worker's compensation claim.[3] While plaintiff

---

[2] A public policy claim under the first prong is sustainable only where there also is not an applicable statutory prohibition against discharge in retaliation for the conduct at issue. *Dudewicz v Norris Schmid, Inc,* 443 Mich 68, 79-80; 503 NW2d 645 (1993). Although the parties have not raised the issue, we note that plaintiff is precluded from arguing, under the first prong, that his employment was terminated in retaliation for his exercising his rights under the worker's compensation statute, because that statute prohibits retaliatory action against an employee "because of the exercise by the employee on behalf of himself or others of a right afforded by this act." MCL 418.301(11); MSA 17.237(301)(11).

[3] *Griffey v Prestige Stamping, Inc,* 189 Mich App 665, 666-669; 473 NW2d 790 (1991); *Wilson v Acacia Park Cemetery Ass'n,* 162 Mich App 638, 645-646; 413 NW2d 79 (1987).

concedes that this is a correct statement of the law, he contends that the trial court misunderstood the nature of his claim. Plaintiff asserts that in refusing to sign the Last Chance Agreement, he was exercising his statutory rights and his claim therefore falls under the third prong.

Though the trial court may have misapprehended plaintiff's theory, it is well settled that we will affirm a lower court's ruling when the court reached the right result, though its reasoning may have been incorrect. *Yerkovich v AAA*, 231 Mich App 54, 68; 585 NW2d 318 (1998). Plaintiff has failed to establish a public policy claim under the third prong. The statutes to which plaintiff refers, the WDCA and the MESA, expressly state that the rights created by these statutes cannot be waived:

> No agreement by an employee to waive his rights to compensation under this act shall be valid . . . . [MCL 418.815; MSA 17.237(815) (WDCA).]

> No agreement by an individual to wave [sic], release, or commute his rights to benefits or any other rights under this act from an employer shall be valid . . . . [MCL 421.31; MSA 17.533 (MESA).]

Accordingly, plaintiff did not exercise a right conferred by statute when he refused to sign the Last Chance Agreement. The antiwaiver statutes do not grant specific rights to individuals; rather, they serve to invalidate agreements that purport to limit the rights of individuals. The issue, therefore, is whether a statute that does not directly confer rights on a plaintiff is sufficient to satisfy the third prong of the public policy exception.

Plaintiff cites *Garavaglia v Centra, Inc*, 211 Mich App 625; 536 NW2d 805 (1995), for the proposition

that a statute need not confer direct rights on an individual for the third prong of the public policy exception to apply. In *Garavaglia*, the plaintiff was discharged by the defendant, Centra, Inc., because of pressure from the union representing Centra's employees. *Id.*, 627-628. The union told Centra that there would be "no labor peace" unless the plaintiff was discharged, and Centra complied with the union's demands. *Id.* The plaintiff contended that it was a violation of the National Labor Relations Act (NLRA) for the union to influence Centra in their choice of a bargaining representative. 29 USC 158(b)(1)(B).

Centra argued that the NLRA did not confer rights on the plaintiff so as to form the basis of a claim for breach of public policy. *Id.*, 629. The *Garavaglia* Court stated that "the fact that the NLRA does not specifically confer rights upon plaintiff is not dispositive." *Id.*, 631. The Court further stated that "the better view is that an employer at will is not free to discharge an employee when the reason for the discharge is an intention on the part of the employer to contravene the public policy of this state." *Id.*, citing *Sventko v Kroger Co*, 69 Mich App 644, 647; 245 NW2d 151 (1976).

Though the above-quoted language, may, at first glance, appear to create a fourth public policy exception, upon closer examination it becomes clear that *Garavaglia* does not, in fact, create a fourth exception. The *Garavaglia* Court ultimately found that the plaintiff's claim did fall within the third prong of the public policy exception:

> In any event, plaintiff was entitled to be the employer's bargaining representative without influences from the union. Under the NLRA, a duty is imposed on the union not

> to influence or interfere with an employer's choice of a bargaining representative. Accordingly, the NLRA did confer a right upon plaintiff to be the bargaining representative without being pressured to leave by the union. Under these circumstances, the third prong of *Suchodolski* is satisfied because a cause of action may be had where the alleged reason for the discharge is the employee's exercise of a right conferred by a well-established legislative enactment. [*Garavaglia, supra*, 631-632.]

Although the Court suggested in *Garavaglia* that a public policy claim might be cognizable where the statute in question does not specifically confer rights on the plaintiff, this statement was extraneous because the NLRA actually did confer rights on the plaintiff. Therefore, any comments relating to the intent of the employer to contravene public policy in the absence of statutorily conferred rights was not determinative of the case. Accordingly, that language is merely obiter dictum, and did not create a separate fourth exception under *Suchodolski*. As noted in Justice ARCHER's dissent in *Whirlpool Corp v Civil Rights Comm*, 425 Mich 527; 390 NW2d 625 (1986), " 'Statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor [sic] essential to determination of the case in hand, are, however illuminating, but obiter dicta and lack the force of adjudication.' " *Id.*, 539, quoting *Hett v Duffy*, 346 Mich 456, 461; 78 NW2d 284 (1956). See also *Breckon v Franklin Fuel Co*, 383 Mich 251, 267; 174 NW2d 836 (1970), overruled on other grounds *Smith v Detroit*, 388 Mich 637; 202 NW2d 300 (1972). If the obiter dictum were construed as a ruling of law, it would, in effect, expand *Suchodolski* by creating a fourth public policy exception.

We decline to expand *Suchodolski* beyond our Supreme Court's decision.

Furthermore, we affirm the trial court's dismissal of plaintiff's claim because plaintiff's subjective and erroneous belief that by signing the Last Chance Agreement he would waive his rights under the WDCA and the MESA fails to establish a claim under the third prong of the public policy exception to the at-will employment doctrine. As we stated, by statute, he cannot waive these statutory rights.[4] Accordingly, the trial court properly granted summary disposition.

Affirmed.

---

[4] Also, plaintiff failed to produce any evidence that defendant made any attempt to have plaintiff waive these unwaivable rights.