609 N.W.2d 859 (2000)
239 Mich. App. 711
Richard J. LUSTER, Plaintiff-Appellant,
v.
FIVE STAR CARPET INSTALLATIONS, INC., Ohio Farmers Insurance Company, and The Accident Fund Company, Defendants-Appellees.
Docket No. 213351.
Court of Appeals of Michigan.
Submitted October 13, 1999, at Detroit.
Decided February 25, 2000, at 9:00 a.m.
Released for Publication May 4, 2000.
*860 Charters, Heck, O'Donnell, Petrulis & Zorza, P.C. (by Margaret A. O'Donnell), Troy, for the plaintiff.
Hewson & Van Hellemont, P.C. (by Jerald Van Hellemont), Warren, for Five Star Carpet Installations, Inc., and Ohio Farmers Insurance Company.
*861 Richard R. Weiser, Lansing, for Five Star Carpet Installations, Inc., and the Accident Fund Company.
Before: JANSEN, P.J., and SAAD and GAGE, JJ.
SAAD, J.
Plaintiff appeals by leave granted from the opinion and order of the Worker's Compensation Appellate Commission (WCAC) affirming the magistrate's denial of disability benefits. We affirm.

I. FACTS AND PROCEEDINGS
Plaintiff sought worker's compensation benefits from Five Star Carpet Installations, Inc. (hereafter defendant) after he sustained a disabling knee injury while laying carpet on an assignment from defendant. Plaintiff maintained that he was defendant's employee and therefore entitled to benefits under the Worker's Disability Compensation Act, M.C.L. § 418.101 et seq.; MSA 17.237(101) et seq., while defendant contended that plaintiff was an independent contractor and therefore ineligible for benefits. Plaintiff argued in the alternative that defendant had voluntarily assumed liability under the worker's compensation statute when defendant made arrangements for the installers to obtain group insurance coverage. MCL 418.121; MSA 17.237(121).
During the hearing before the magistrate, plaintiff testified that he had worked as an independent contractor installing carpet for New York Carpet World before he began to work for defendant in March 1992. At that time, plaintiff and defendant entered into a written contract that stated that plaintiff was an independent contractor.[1] All aspects of plaintiff's work for defendant were consistent with plaintiff's running his own business as an independent contractor, and not consistent with an employer-employee relationship. Plaintiff was paid by the yard installed and received no fringe benefits. Defendant did not withhold taxes from plaintiff's payments, and issued plaintiff an Internal Revenue Service (IRS) Form 1099 at the end of the year. Plaintiff was paid less than other installers because he did not have his own truck or tools, but instead rented those items from defendant, with the rent deducted from his payments. Defendant's owner, Duane Jones, testified that plaintiff was free to do other work, but could not use defendant's truck or tools to do so.
Jones testified that plaintiff was fully responsible for paying taxes and insurance, and that plaintiff agreed to give a one-year warranty on his work. Defendant obtained work from New York Carpet World, and then subcontracted it to various installers. Defendant assigned work to each installer in the morning and gave the installers minimal direction. Defendant provided the installers with the carpet, padding, and edge strips, but the installers furnished their own supplies and materials. Plaintiff had discretion to hire a helper, of his own choosing, whom he paid directly out of his own pay.
At one time, defendant arranged for its installers to obtain insurance coverage through a package policy, paid for by premiums collected from the installers' gross pay. The package included both worker's compensation and liability insurance. Defendant ceased this arrangement after plaintiff's accident. Plaintiff maintained that by making this insurance arrangement, defendant voluntarily assumed worker's compensation liability under § 121 of the worker's compensation statute. MCL 418.121; MSA 17.237(121). Defendant denied this, arguing that it had not made the arrangement with the intent *862 of assuming liability under § 121. Neither party introduced the policy into evidence at the hearing.
The magistrate found that plaintiff was not an employee under the Worker's Disability Compensation Act. Applying the statutory definition of employee found in M.C.L. § 418.161(1)(d); MSA 17.237(161)(1)(d),[2] and citing Amerisure Ins. Cos. v. Time Auto Transportation, Inc., 196 Mich.App. 569, 493 N.W.2d 482 (1992), and Williams v. Cleveland Cliffs Iron Co., 190 Mich.App. 624, 476 N.W.2d 414 (1991), the magistrate found that plaintiff maintained a separate business and therefore was not an employee of defendant. The magistrate based his finding on the facts that plaintiff filed a profit and loss statement with the IRS, hired his own helper who was paid from plaintiff's earnings, and rented his tools and truck. Furthermore, plaintiff paid for his own insurance, signed a contract stating that he was an independent contractor, bought his own supplies, and worked with only minimal supervision by defendant. The magistrate dismissed the application.
Plaintiff appealed to the WCAC, which affirmed the magistrate's decision and adopted it as its own. The WCAC found that the magistrate properly considered M.C.L. § 418.161; MSA 17.237(161) and applied the economic-reality test in concluding that plaintiff was not an employee. The WCAC also rejected plaintiff's alternative argument that defendant voluntarily assumed coverage for plaintiff under M.C.L. § 418.121; MSA 17.237(121) by providing insurance policies for the installers. The WCAC found that the record did not show that defendant intended to assume worker's compensation coverage for the installers. Instead, the WCAC found that defendant's intent was only to assure that the installers complied with defendant's requirement that they obtain insurance.

II. ANALYSIS

A. Employees and Independent Contractors
Plaintiff contends that the magistrate's finding that he was not an employee is unsupported by the evidence and that the magistrate committed an error of law in failing to apply the economic-reality test to determine whether plaintiff was an employee of defendant. We disagree.
The WCAC must consider a magistrate's findings of fact conclusive if they are supported by competent, material, and substantial evidence on the whole record. Substantial evidence is defined as "such evidence, considering the whole record, as a reasonable mind will accept as adequate to justify the conclusion." MCL 418.861a(3); MSA 17.237(861a)(3). Findings of fact made by the WCAC acting within its powers are conclusive. MCL 418.861a(14); MSA 17.237(861a)(14). Appellate review by this Court is limited to whether the WCAC exceeded its authority or committed an error of law. Holden v. Ford Motor Co. (After Remand, On Second Remand), 226 Mich.App. 138, 144, 572 N.W.2d 268 (1997); MCL 418.861a(14); MSA 17.237(861a)(14). As long as the WCAC did not commit manifest error in applying the substantial evidence standard, this Court should affirm. York v. Wayne Co. Sheriff's Dep't, 219 Mich.App. 370, 378-379, 556 N.W.2d 882 (1996).
At the time of plaintiff's hearing before the magistrate M.C.L. § 418.161(1)(d); MSA 17.237(161)(1)(d) provided:
(1) As used in this act, "employee" means:

* * *
(d) Every person performing service in the course of the trade, business, profession, or occupation of an employer *863 at the time of the injury, provided the person in relation to this service does not maintain a separate business, does not hold himself or herself out to and render service to the public, and is not an employer subject to this act.
All three conditions of subsection 161(1)(d) must be satisfied in order to find that an individual is an employee. Amerisure, supra, 574, 493 N.W.2d 482. Conversely, a person is not an employee (but is an independent contractor) under subsection 161(1)(d) if any one or more of the following applies: (1) the person maintains a separate business in relation to the service, (2) the person holds himself out to and renders service to the public in relation to the service, or (3) the person is an employer subject to the worker's compensation statute in relation to the service.
Plaintiff argues that the magistrate did not properly apply the "economic realities test" in determining whether he was an independent contractor or an employee under § 161. The parties' and the WCAC's emphasis on the economic-reality test reflects the understanding of the law at the time plaintiff's case was decided, before our Supreme Court's May 1999 decision, Hoste v. Shanty Creek Management, Inc., 459 Mich. 561, 592 N.W.2d 360 (1999), clarified the application of § 161. Before Hoste, when examining the question whether an individual was an independent contractor or an employee, this Court construed the statute in conjunction with the economic-reality test. Amerisure, supra, 573, 493 N.W.2d 482. The economic-reality test involved four basic factors: (1) control of the worker's duties, (2) payment of wages, (3) the right to hire, fire, and discipline, and (4) performance of the duties toward the accomplishment of a common goal. Id., 575, 493 N.W.2d 482. However, our Supreme Court recently held in Hoste that the economic-reality test has been superseded by the Legislature's 1985 amendments of § 161:
The new language [of § 161, as amended by the Legislature in 1985], in superseding the old economic realities test, incorporated some, but not all the factors of the old test. Accordingly, while the common-law economic realities test cannot be used to supersede the statute, i.e., by adding factors not in the legislative formulation of the economic realities test, those factors in the legislative test can be construed by reference to the case law development of those same factors. [Hoste, supra, 572, 592 N.W.2d 360.]
The Supreme Court, id., n. 9, 592 N.W.2d 360, cited the right to fire factor (expressed as the question, "`[W]hat liability, if any, does the employer incur in the event of the termination of the relationship at will?'"), as an example of an economic-reality test factor that was not incorporated into § 161. (Citation omitted.) The Supreme Court released the Hoste decision after the magistrate and the WCAC acted in this case, thus neither had the benefit of its guidance.
Although the magistrate did not explicitly analyze the elements of § 161 as required by Hoste, we are satisfied that the magistrate's finding that plaintiff was not an employee, but an independent contractor, was fully consistent with subsection 161(1)(d) as applied under Hoste. Substantial evidence on the record established that plaintiff maintained his own business and therefore was not an employee under the first condition stated in subsection 161(1)(d). Defendant did not pay plaintiff like an employeedefendant did not withhold money from plaintiff's check for taxes and did not issue plaintiff a W-2 form at the end of the year. Instead, defendant paid plaintiff as an independent contractor who ran his own business, e.g., defendant supplied plaintiff with an IRS Form 1099 each year. Plaintiff furnished his own supplies, paid rent for his truck and equipment, and paid and hired his own helper.
*864 Plaintiff worked with only minimal supervision by defendant.[3] These findings warrant the conclusion that plaintiff ran his own business in relation to the services he provided for defendant.
The record here does not enable us to evaluate the other two conditions stated in subsection 161(1)(d). However, because all three conditions must be satisfied to establish a claimant as an employee, Amerisure, 574, 493 N.W.2d 482, the failure of one condition disqualifies plaintiff from the statute's coverage. Therefore, the decision of the WCAC is based on competent evidence, and there is no erroneous application of law.

B. Worker's Compensation Insurance
Plaintiff further contends that were we to find that he is an independent contractor, defendant voluntarily assumed worker's compensation coverage for him and the other installers pursuant to M.C.L. § 418.121; MSA 17.237(121). We disagree. Plaintiff's argument misconstrues § 121.
MCL 418.121; MSA 17.237(121) provides in part:
Any private employer not otherwise included by sections 115 and 118 [MCL 418.115; MSA 17.237(115), and M.C.L. § 418.118; MSA 17.237(118) ] may assume the liability for compensation and benefits imposed by this act upon employers. The purchase and acceptance by an employer of a valid compensation insurance policy, except in the case of domestics and agricultural employees, constitutes an assumption by him of such liability without any further act on his part, which assumption of liability shall take effect from the effective date of the policy and continue only as long as the policy remains in force, in which case the employer shall be subject to no liability other than workmen's compensation as provided for in this act. [Emphasis added.]
Plaintiff argues that when defendant made insurance arrangements for the installers, defendant effectively assumed liability under this provision. The WCAC rejected this argument on the ground that defendant did not furnish insurance policies with the intent of becoming a covered employer under the statute, but rather did so only to assure that the contractors maintained their own coverage. The WCAC also concluded that plaintiff failed to establish that the policy in question was the type of policy contemplated in § 121.
The focus of plaintiff and the WCAC on defendant's intent and the content of the policy was misplaced. It was not necessary for the WCAC to consider either of these issues, because § 121 does not, and cannot, apply in the context of this case. Section 121 provides that private employers "not otherwise included by sections 115 and 118 may assume the liability for compensation and benefits imposed by this act upon employers." Sections 115 and 118 are the provisions that specify which employers are and are not covered by the terms and requirements of the worker's compensation statute. Section 115 delineates which private, public, and agricultural employers are covered by the statute, based on factors such as the number of employees, how many hours they work, and the duration of their employment. Section 118 concerns domestic service employment, and has no relevance here. Section 121 allows an employer who is not *865 covered by either § 115 or § 118 to opt into the statute's coverage by voluntarily assuming worker's compensation liability.[4] Subject to certain exceptions, an employer can assume liability under § 121 by purchasing a valid worker's compensation insurance policy. As this Court summarized in Levinson v. Payson, 73 Mich.App. 655, 252 N.W.2d 567 (1977), "[t]he Worker's Disability Compensation Act applies to certain employers mandatorily [MCLA 418.115; MSA 17.237(115) ], and to certain other employers by choice [MCLA 418.121; MSA 17.237(121) ]." Id., 657, 252 N.W.2d 567 (bracketed material in original).
Here, the § 121 option was not available to defendant. By the statute's own terms, the § 121 option is available only to employers who do not qualify as covered employers under § 115. There has been no claim that defendant was not a covered employer under § 115. Indeed, there is no evidence to establish defendant's status as a covered employer one way or the other. Plaintiff's ineligibility for worker's compensation benefits is not rooted in the provisions of § 115. Rather, plaintiff has been deemed ineligible for coverage because plaintiff is not an employee under § 161. Reading the first sentence of § 121, we learn that § 121 provides a voluntary means for noncovered employers under § 115 to become covered employers. Section 121 does not, however, provide a way to bring under the coverage of the act someone who is a nonemployee (such as an independent contractor) by virtue of § 161.[5]
Plaintiff's reliance on Martin v. Raker, 173 Mich.App. 23, 433 N.W.2d 377 (1988), is misplaced. In Martin, the plaintiff/employee sued the defendants/employers in tort. The plaintiff argued that his claim was not barred by the exclusive remedy provision of the worker's compensation statute, M.C.L. § 418.131; MSA 17.237(131), because he was a part-time agricultural worker and employers of part-time agricultural workers are not covered by the statute under § 115. The defendants argued that the exclusive remedy provision did apply, because the defendants had assumed coverage under § 121 by purchasing insurance. Martin, 27, 433 N.W.2d 377. This Court agreed with the defendants:
We believe it makes no difference what defendants' insurer chose to call its coverage. Since Michael Martin has received, or defendants and their insurer are willing to pay, benefits equal to those required by the Workers' Disability Compensation Act, Michael Martin, in effect, had workers' compensation coverage. [Id., 28, 433 N.W.2d 377.]
Thus, Martin did not involve an independent contractor who was ineligible for benefits *866 under § 161, and it is factually dissimilar to the case here.
Because plaintiff cannot qualify as an employee under § 161, he is ineligible for coverage. There is no need to consider if defendant's insurance arrangements with the installers triggered the provisions of § 121.[6] Though the WCAC's conclusion is not based on a correct interpretation of § 121, we will not reverse because the WCAC ultimately achieved the correct result. Yerkovich v. AAA, 231 Mich.App. 54, 68, 585 N.W.2d 318 (1998).
Affirmed.
GAGE, J., concurred.
JANSEN, P.J. (dissenting).
I respectfully dissent.
With respect to the issue of voluntary assumption of coverage, under M.C.L. § 418.121; MSA 17.237(121), I agree with plaintiff that the magistrate failed to evaluate or apply the facts as presented to § 121. Having reviewed the magistrate's opinion, there is simply no discussion of this issue. Rather, the magistrate stated only that plaintiff's "payment of premiums for liability insurance argues in support of the position [p]laintiff maintained a separate business, in that employees are not normally responsible for their own liability insurance." Thus, any evidence was used by the magistrate only to show that plaintiff was not an employee. Because it is the magistrate who must make factual findings in the first instance, and the Worker's Compensation Appellate Commission (WCAC) exceeds its authority when it makes findings of fact in the absence of findings by the magistrate, this matter should be remanded to the magistrate to consider this issue. Layman v. Newkirk Electric Associates, Inc., 458 Mich. 494, 507-509, 581 N.W.2d 244 (1998). "A reviewing court should not identify alternative findings that could be supported by substantial evidence and supplant the agency's findings with them." Id., p. 507, 581 N.W.2d 244.
Additionally, the interplay between § 121 and § 115, M.C.L. § 418.115; MSA 17.237(115), cannot be decided by this Court because it requires further evidence and factual findings regarding whether defendant Five Star Carpet Installations, Inc., comes within the definition of employer as set forth in § 115. This again is an issue that must be decided in the first instance by the magistrate. As conceded by the majority, there is no evidence to establish defendant Five Star's status as a covered employer. That being the case, this matter should be remanded to the magistrate for further factual development and consideration whether § 121 applies to cover plaintiff.
With regard to whether plaintiff is an employee under M.C.L. § 418.161; MSA 17.237(161), this matter should be remanded to the magistrate to reconsider it in light of Hoste v. Shanty Creek Management, Inc., 459 Mich. 561, 592 N.W.2d 360 (1999), because our Supreme Court held that the "new language" of subsection 161(1)(d)[1] superseded the old economic-reality test by incorporating some, but not all, of the factors of the economic-reality test. Again, because the magistrate applied the economic-reality test, this matter must be remanded to the magistrate to *867 make factual findings and apply those findings in light of Hoste, findings that should not be made in the first instance by this Court.
Consequently, I would remand this matter to the magistrate to reconsider both issues raised by plaintiff in conformance with my opinion.
NOTES
[1] The contract stated that plaintiff's services shall be performed as an independent contractor," and plaintiff signed the contract as "Richard Luster, contractor."
[2] Now M.C.L. § 418.161(1)(n); MSA 17.237(161)(1)(n).
[3] Although these considerations to a large extent dovetail the economic-reality test, they remain valid considerations under Hoste here because they are relevant to establishing that plaintiff conducted his own business in the context of providing services for defendant and defendant's customers.
[4] Although the worker's compensation scheme exposes covered employers to strict liability arising from employees' job-related injuries, M.C.L. § 418.301 et seq.; MSA 17.237(301) et seq., it also relieves employers of common-law tort liability pursuant to the exclusive remedy provision. MCL 418.131; MSA 17.237(131). Presumably, some noncovered employers opt to become covered employers under § 121 because they find that the advantages of the exclusive remedy provision outweigh the disadvantages of increased exposure.
[5] Recently, in Saylor v. Kingsley Area Emergency Ambulance Service, 238 Mich.App. 592, 607 N.W.2d 112 (1999), another panel of this Court discussed § 121 in dicta. Without explicitly analyzing the text of § 121, the Court seemed to suggest that an employer can assume worker's compensation liability for a person who is not an employee under § 161. However, the Court expressly" decline[d] to decide this case on the basis of § 121" because it ultimately concluded on other grounds that the plaintiff was, in fact, an employee under § 161. Saylor, supra, 597. Therefore, the Court's statements regarding § 121 are merely obiter dicta because the statements were not essential to determining the outcome of the case. Edelberg v. Leco Corp., 236 Mich.App. 177, 183, 599 N.W.2d 785 (1999). Obiter dicta does not create a binding rule of law. Id.
[6] Defendant argues that § 121 does not apply here because defendant did not purchase insurance with the intent of becoming a covered employer under the worker's compensation statute. Plaintiff argues that defendant's subjective intent is irrelevant, because defendant automatically triggered the provisions of § 121 when it bought the policies. We express no opinion with respect to this controversy, because the issue is unnecessary to the resolution of this appeal.
[1] I note that § 161 of the act has undergone substantial revisions and that the correct subsection is now subsection 161(1)(n).