# STATE OF MICHIGAN

# COURT OF APPEALS

LAWRENCE F. JASPER II,

        Plaintiff-Appellant,

and

OMEGA INVESTMENTS,

        Plaintiff,

v

BLOOMFIELD VILLAGE INVESTOR
HOLDING, LLC, STEVE TOWLE, PCCP, and
REDICO,

        Defendants-Appellees,

and

DONALD J. NEWMAN, CRG CAPITAL
PARTNERS, MIKE SEGAL, AURORA
BUSINESS STRATEGIES, LINDA ROCCA,
and GSI GLOBAL STANDARD INDUSTRIES,

        Defendants.

UNPUBLISHED
April 3, 2018

No. 337098
Oakland Circuit Court
LC No. 2015-147901-CB

Before: GLEICHER, P.J., and BOONSTRA and TUKEL, JJ.

PER CURIAM.

    Plaintiff, Lawrence F. Jasper II, appeals as of right the trial court's judgment enforcing an award of sanctions against plaintiff and in favor of defendants Steve Towle, PCCP, Bloomfield Village Investor Holding, LLC ("BVI"), and Redico. Plaintiff also challenges the trial court's earlier orders that granted summary disposition in favor of defendants Towle and PCCP pursuant

-1-

to MCR 2.116(C)(1), granted summary disposition in favor of BVI and Redico pursuant to MCR 2.116(C)(8),[1] and struck plaintiff's second amended complaint. We affirm.

Plaintiff, an associate real estate broker and chief executive officer of Omega Investments, LTD, acting *in propria persona*, and on behalf of Omega, filed an 84-page petition for an emergency injunction seeking to prevent BVI from altering property commonly known as Bloomfield Park ("BP"). BVI, which had acquired the interests of Wells Fargo Bank and acquired title to the BP property through statutory foreclosure, moved to strike the narrative petition pursuant to MCR 2.115 because it failed to comply with the court rules requiring particularity in pleading.

Plaintiff, through counsel, thereafter filed a first amended complaint. He alleged claims for breach of contract against Donald Newman and CRG Capital Partners ("CRG"), and claims for fraud and misrepresentation, innocent misrepresentation, misappropriation of trade secrets, tortious interference with an advantageous business expectancy, concert of actions, and civil conspiracy against the remaining defendants.

Defendants PCCP and Towle moved for summary disposition pursuant to MCR 2.116(C)(1) (lack of personal jurisdiction). Defendants BVI and Redico separately moved for summary disposition pursuant to MCR 2.116(C)(8) (failure to state a claim). Both BVI and Redico asserted that plaintiff failed to plead the various claims set forth in the amended complaint with particularity. Specifically, they argued that plaintiff's amended complaint was deficient under MCR 2.111(B)(1) because it did not identify any specific act or facts attributable to either defendant to prove a legal foundation for the specific claims alleged. With respect to the fraud claim, BVI and Redico maintained that plaintiff failed to plead the claim with the particularity required by MCR 2.112(B)(1). They argued that the amended complaint only made general, conclusory allegations without setting forth the basis of each defendant's respective fraudulent acts sufficient to inform either defendant of the allegations surrounding their alleged fraud.

The trial court ruled that plaintiff failed to make a prima facie showing of the court's general or limited personal jurisdiction over PCCP and Towle and consequently granted summary disposition of the claims against PCCP and Towle pursuant to MCR 2.116(C)(1) (lack of personal jurisdiction over the defendants). The court also ruled that plaintiff failed to plead with particularity the various claims against BVI and Redico and failed to state a prima facie case with respect to each of the claims. As a result, the court granted summary disposition of the claims against BVI and Redico pursuant to MCR 2.116(C)(8) (failure to state a claim for which relief can be granted).

One week later, plaintiff filed a second amended complaint that reasserted the claims from the first amended complaint but added additional claims of "estoppels of fraud" and "civil

---

[1] We will refer to these four defendants-appellees in this opinion as "Bloomfield defendants," collectively.

racketeering." The trial court granted the Bloomfield defendants' motion to strike the second amended complaint. The trial court also found that the Bloomfield defendants were entitled to sanctions under MCR 2.114 and MCL 600.2591 because plaintiff's claims and various filings were frivolous. The court awarded the Bloomfield defendants $26,780 in attorney fees and $100 in costs.

## I. SUMMARY DISPOSITION ON THE FIRST AMENDED COMPLAINT

This Court reviews a decision on a motion for summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Summary disposition is appropriate under MCR 2.116(C)(8) if "[t]he opposing party has failed to state a claim upon which relief can be granted." "When deciding a motion under (C)(8), this Court accepts all well-pleaded factual allegations as true and construes them in the light most favorable to the nonmoving party." *Dalley v Dykema Gossett, PLLC*, 287 Mich App 296, 304-305; 788 NW2d 679 (2010). Summary disposition under MCR 2.116(C)(8) should only be granted when the claim "is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery." *Id.* at 305 (quotation marks and citation omitted).

Plaintiff first argues that the trial court erred by granting summary disposition pursuant to MCR 2.116(C)(8) before plaintiff filed his second amended complaint because the court's March 1, 2016 deadline for filing an amended pleading, as set forth in the court's scheduling order, had not yet expired.

Plaintiff filed a first amended complaint on August 25, 2015. BVI and Redico thereafter moved for summary disposition on September 30, 2015, and October 14, 2015, respectively. Pursuant to MCR 2.116(B)(2), a motion for summary disposition "may be filed at any time" as long as it complies with the mandates of MCR 2.116(D).[2] Under subrule (D), a motion under MCR 2.116(C)(8) "may be raised at any time, unless a period in which to file dispositive motions is established under a scheduling order entered pursuant to MCR 2.401." MCR 2.116(D)(4).

In this case, plaintiff did not file a second amended complaint during the pendency of defendants' motion for summary disposition related to the claims contained in the first amended complaint. Plaintiff has not presented a clear argument with respect to, or cited any authority in support of, his apparent contention that the trial court was required to wait until expiration of a deadline set by the court for amendment of pleadings before ruling on a party's motion for summary disposition. Moreover, we note that while the scheduling order provided a deadline for filing dispositive motions, the order required only that such a motion could not be filed after September 2, 2016—it did not provide any other timing requirements. Accordingly, the timing

---

[2] Although not relevant for the issues on appeal, MCR 2.116(B)(2) also requires compliance with MCR 2.116(G), which requires, *inter alia*, a written motion for summary disposition must be filed and served at least 21 days before the time set for the hearing, unless a different period is set by the court.

requirements of MCR 2.116(B) and MCR 2.116(G) were satisfied, and plaintiff has failed to show how the trial court erred when it ruled on defendants' motion for summary disposition prior to the March 1, 2016 deadline for filing an amended complaint as of right.

Plaintiff also argues that the trial court abused its discretion by dispensing with oral argument on the motions for summary disposition. This Court reviews a trial court's decision to dispense with or limit oral argument with regard to a motion for an abuse of discretion. *American Transmission, Inc v Channel 7 of Detroit, Inc*, 239 Mich App 695, 709; 609 NW2d 607 (2000).

Under MCR 2.119(E)(3), "[a] court may, in its discretion, dispense with or limit oral arguments on motions, and may require the parties to file briefs in support of and in opposition to a motion." Plaintiff does not explain why the trial court's decision to dispense with oral argument, which is explicitly authorized by the court rules, should be deemed an abuse of discretion. The trial court was fully apprised of the parties' positions, by way of the parties' briefs, before rendering a decision. Accordingly, plaintiff has not shown that an abuse of discretion occurred here. See *Fast Air, Inc v Knight*, 235 Mich App 541, 550; 599 NW2d 489 (1999).

Plaintiff also argues that the trial court erred by dismissing his fraud claims for failure to plead fraud with particularity as required by MCR 2.111(B)(1) and MCR 2.112(B)(1). MCR 2.111(B)(1) provides that a complaint, counterclaim, cross-claim, or third-party complaint must contain "[a] statement of the facts, without repetition, on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called to defend." MCR 2.112(B)(1) provides that when alleging fraud or mistake, "the circumstances constituting fraud or mistake must be stated with particularity."

To establish a prima facie case of fraud, a plaintiff must prove that (1) the defendant made a material representation, (2) the representation was false, (3) the defendant knew that it was false when it was made, or made it recklessly, without any knowledge of its truth and as a positive assertion, (4) the defendant made the representation with the intention that the plaintiff would act on it, (5) the plaintiff acted in reliance on it, and (6) the plaintiff suffered injury because of that reliance. *Hord v Environmental Research Institute of Mich (After Remand)*, 463 Mich 399, 404; 617 NW2d 543 (2000); *Zaremba Equip, Inc v Harco Nat'l Ins Co*, 280 Mich App 16, 38-39; 761 NW2d 151 (2008).

However, plaintiff acknowledges in his brief on appeal that his first amended complaint was "missing the necessary fraud claims in specificity and/or particularity" (italics and underline omitted), as required by the court rules.[3] He further concedes that his attorneys "should have

---

[3] Plaintiff asserts that the "frivolous claims" in the first amended complaint were "written and signed by" his counsel but does not explain why this should have prevented the claim from being dismissed.

filed proper pleadings, but did not."[4]  We agree that plaintiff's claim for fraud and misrepresentation consists of conclusory allegations that merely mirror the elements of the claim. Accordingly, there is no question that summary disposition was properly granted under MCR 2.116(C)(8) for these claims.[5]

## II. THE SECOND AMENDED COMPLAINT

Plaintiff argues that the trial court abused its discretion by striking his second amended complaint.  This Court reviews for an abuse of discretion the trial court's decision to strike a pleading. *Belle Isle Grill Corp v Detroit*, 256 Mich App 463, 469; 666 NW2d 271 (2003).

At the outset, assuming the trial court had not struck plaintiff's second amended complaint, plaintiff cannot show how the claims contained therein ultimately would have survived.  The record shows that leading up to the date of trial, plaintiff failed to submit a required report to the trial court, contrary to the court's scheduling order (even after the court provided yet another opportunity for plaintiff to submit the required documents), and failed to appear at a mandatory pretrial conference.  As a result of this noncompliance, the trial court dismissed *all of plaintiff's claims with prejudice*.  Plaintiff does not challenge that dismissal or otherwise explain how resurrecting his second amended complaint would somehow obviate or circumvent the trial court's subsequent imposition of the overriding sanction of dismissal.  In other words, it appears that because plaintiff's action was ultimately dismissed in its entirety, whether the trial court inappropriately struck plaintiff's second amended complaint is moot.  See *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998).  Accordingly, plaintiff cannot show how he is entitled to any relief on this issue.

Moreover, looking to the merits of the trial court's decision to strike the second amended complaint, we find no reason to reverse.  "Under MCR 2.116(I)(5), if summary disposition is granted based on MCR 2.116(C)(8), 'the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that

---

[4] Despite acknowledging the deficiencies in the pleadings, plaintiff continues to rely on conclusory statements that " '[t]he Bloomfield Defendants' did in fact commit fraud, conceal their existence, misrepresent their corporate [sic] and jurisdiction to the court, causing errors of the court, based on fraudulent concealment of the 'Bloomfield Defendants' in regards to the order issued on February 23, 2015."

[5] Although the trial court granted summary disposition to BVI and Redico on plaintiff's other claims, and dismissed defendants PCCP and Towle for lack of personal jurisdiction, plaintiff does not put forth a cogent argument regarding these other decisions.  Accordingly, we need not review them.

Further, to the extent that plaintiff suggests that the lack of particularity in the first amended complaint is attributable to deceptive conduct by the Bloomfield defendants' attorneys which prevented him from discovering the facts necessary to support his claims, review of a (C)(8) motion is limited to the pleadings.  As noted, those pleadings were insufficient.

amendment would not be justified.' " *Long v Liquor Control Comm*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 335723); slip op at 3. Indeed, "[l]eave to amend the pleadings should be freely granted to the nonprevailing party upon a grant of summary disposition unless the amendment would be futile or otherwise unjustified." *Lewandowski v Nuclear Mgt Co, LLC*, 272 Mich App 120, 126-127; 724 NW2d 718 (2006).

Plaintiff's second amended complaint is anything but a model of clarity, but in the complaint, plaintiff reasserted the claims from his first amended complaint (fraud, innocent misrepresentation, misappropriation of trade secrets, tortious interference with business expectancy, and civil conspiracy), plus included new claims of "estoppels of fraud" and "civil racketeering."

Regarding plaintiff's new claims of estoppel of fraud and civil racketeering, we must evaluate whether the addition of these claims would be futile or otherwise unjustified. A claim is futile if "(1) ignoring the substantive merits of the claim, it is legally insufficient on its face; (2) it merely restates allegations already made; or (3) it [is] a claim over which the court lacks jurisdiction." *PT Today, Inc v Commissioner of Office of Fin & Ins Servs*, 270 Mich App 110, 143; 715 NW2d 398 (2006) (citations omitted).

A review of plaintiff's claim of "estoppel of fraud" reveals that it simply is a re-presentation of his fraud claims, so allowing amendment of the complaint to add this particular claim would be futile. See *id.*

Regarding plaintiff's civil racketeering claim, we have found no authority to show that there is a state-law cause of action for such a claim. Indeed, at oral argument, plaintiff conceded that he was relying on federal law, which we infer to mean the Racketeer Influenced and Corrupt Organizations ("RICO") act, 18 USC 1961 *et seq.*[6] However, the second amended complaint merely states conclusory allegations and does not plead the elements of a cause of action for civil racketeering under RICO. Indeed, the second amended complaint does not refer to RICO at all. The RICO act provides for a civil action when a person was "injured in his business or property by reason of a violation of [18 USC 1962]." 18 USC 1964(c); see also *Sedima, SPRL v Imrex Co, Inc*, 473 US 479, 496; 105 S Ct 3275; 87 L Ed 2d 346 (1985). But plaintiff's second amended complaint failed to indicate which of the four RICO violations defined in 18 USC 1962 was purportedly committed by each defendant. On appeal, plaintiff fails to address the elements of a cause of action for civil RICO and fails to present an argument explaining why this Court should conclude that the second amended complaint stated a valid cause of action. Given plaintiff's failure to plead with *any* particularity that defendants violated any of the subsections of RICO, it is clear that allowing the claim in the second amended complaint to continue would be futile.

---

[6] Although based on federal law, state courts do in fact have subject-matter jurisdiction to hear claims under the RICO act. *Tafflin v Levitt*, 493 US 455, 458; 110 S Ct 792; 107 L Ed 2d 887 (1990).

For purposes of our review, our primary focus regarding the common claims that plaintiff asserted is whether the allegations in the second amended complaint cured the deficiencies in the first amended complaint to thereby survive summary disposition. See *Weymers v Khera*, 454 Mich 639, 658; 563 NW2d 647 (1997); *Lane v KinderCare Learning Centers, Inc*, 231 Mich App 689, 697; 588 NW2d 715 (1998). We hold that they did not; plaintiff's second amended complaint suffers from the same deficiencies as present in the first amended complaint.

First, contrary to MCR 2.112(B)(1), plaintiff's fraud claims still do not plead with sufficient particularity what fraudulent acts defendants are alleged to have performed. Next, regarding plaintiff's innocent misrepresentation claim, the trial court originally found the claim in the first amended complaint deficient because plaintiff failed to allege that defendants were in privity of contract with him. See *M&D, Inc v WB McConkey*, 231 Mich App 22, 28; 585 NW2d 33 (1998). In plaintiff's second amended complaint, plaintiff still does not allege that any of the defendants had a contractual relationship with him. With respect to plaintiff's trade secret claim, the trial court dismissed the claim in the first amended complaint because, in part, plaintiff failed to identify with particularity what portion of his 103-page business plan constituted the trade secret. See *Dura Global Technologies, Inc v Magna Donnelly Corp*, 662 F Supp 2d 855, 859 (ED Mich, 2009) ("A party alleging trade secret misappropriation must particularize and identify the purported misappropriated trade secrets with specificity.") (quotation marks and citation omitted). The same deficiencies are present in plaintiff's second amended complaint. Next, the trial court dismissed plaintiff's tortious interference with advantageous business expectancy claim in the first amended complaint because (1) plaintiff never alleged that defendants knew of plaintiff's claimed contracts or business relationships and (2) plaintiff never alleged that the defendants committed any per se wrongful act. Plaintiff's second amended complaint fails to address these deficiencies and again makes conclusory allegations without any specificity regarding defendants' conduct. Finally, the trial court dismissed plaintiff's civil conspiracy count in plaintiff's first amended complaint because such a claim cannot stand alone and requires separate, underlying torts. See *Advocacy Organization for Patients & Providers v Auto Club Ins Ass'n*, 257 Mich App 365, 384; 670 NW2d 569 (2003). Likewise, because we have determined that plaintiff has failed to state any tortious action, his conspiracy claim necessarily fails.

Therefore, we hold that because allowing the second amended complaint to proceed would be unjustified or futile, the trial court did not err when it struck the complaint.

III. SANCTIONS FOR FILING A FRIVOLOUS CLAIM

On appeal, plaintiff also seeks reversal of the trial court's January 31, 2017 order in which the court entered defendants' proposed judgment enforcing the court's sanction award. "This Court reviews a trial court's award of attorney fees and costs for an abuse of discretion." *Souden v Souden*, 303 Mich App 406, 414; 844 NW2d 151 (2013). The trial court commits an abuse of discretion when its decision falls outside the range of reasonable and principled outcomes. *In re Foster Attorney Fees*, 317 Mich App 372, 375; 894 NW2d 718 (2016). "We review for clear error the trial court's determination whether to impose sanctions under MCR 2.114." *Guerrero v Smith*, 280 Mich App 647, 677; 761 NW2d 723 (2008). "A decision is clearly erroneous when, although there may be evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *Id*.

Defendants moved for sanctions on the grounds that plaintiff filed this action "without any regard for the facts, legal theories or Michigan Law," that his pleadings were incomprehensible and failed to satisfy the standards of the Michigan Court Rules, and that his "incessant frivolous filings and continued insistence upon filing something, no matter what, with the Court violated the provisions of both MCR 2.114 and MCL 600.2591." The trial court granted defendants' motion for sanctions in an opinion and order that was entered on August 5, 2016, and found that plaintiff's claims against defendants were frivolous within the meaning of MCR 2.114[7] and MCL 600.2591.

Plaintiff's brief presents no argument challenging the trial court's finding that the claims were frivolous, or otherwise challenging its decision to impose sanctions. "An appellant may not merely announce a position [and] then leave it to this Court to discover and rationalize the basis for the appellant's claims; nor may an appellant give an issue only cursory treatment with little or no citation of authority." *Cheesman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015). This Court also "will not search for authority to sustain or reject a party's position." *Id.* (quotation marks and citations omitted). Plaintiff has failed to offer any argument to support a finding that the trial court clearly erred in finding that plaintiff's claims were frivolous and in deciding to award sanctions. Therefore, plaintiff has abandoned this argument. *Id.*

Similarly, plaintiff's brief presents no argument challenging the trial court's determination of reasonable attorney fees and costs. Defendants filed a detailed statement of services and sought an award of $76,185.14. Plaintiff did not file objections to defendants' verified bill of costs and attorney fees. Despite the lack of any objection by plaintiff, the trial court, which was very familiar with the case, reviewed the statement and, taking into account the factors enumerated in *Smith v Khouri*, 481 Mich 519; 751 NW2d 472 (2008), and *Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 573; 321 NW2d 653 (1982), made an independent determination to award $26,880 in attorney fees and costs, or approximately 35% the amount defendants requested. Plaintiff has provided no argument to show how the trial court may have

---

[7] MCR 2.114(D) provides that when a party signs a document, the party certifies that:

> (1) he or she has read the document;
>
> (2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and
>
> (3) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

MCR 2.114(E) permits the court to fashion an appropriate sanction for filing a document in violation of MCR 2.114. In addition, MCR 2.114(F) provides that a party pleading a frivolous claim or defense is subject to costs, which can include attorney fees. See also MCR 2.625(A)(2); MCL 600.2591.

abused its discretion when it awarded these fees and costs. Therefore, plaintiff has abandoned this argument. See *Cheesman*, 311 Mich App at 161.

Affirmed. Appellees, as the prevailing parties, may tax costs pursuant to MCR 7.219.


/s/ Elizabeth L. Gleicher
/s/ Mark T. Boonstra
/s/ Jonathan Tukel