GARAVAGLIA v CENTRA, INC

Docket No. 148153. Submitted October 19, 1994, at Detroit. Decided June 23, 1995, at 9:35 A.M. Leave to appeal sought.

Charles Garavaglia brought an action in the Wayne Circuit Court against Centra, Inc., Central Transport, Central Cartage Company, and Manuel J. and Agnes A. Moroun, alleging age discrimination in employment, breach of an employment contract terminable for just cause only, discharge from employment in breach of public policy, tortious interference with contractual relations, and violation of the Employee Right to Know Act, MCL 423.501 *et seq.*; MSA 17.62(1) *et seq.* The plaintiff also sought a declaration regarding the existence of a contract and an order providing for the specific performance of the contract. The jury returned a verdict for the plaintiff, and the court, Claudia House Morcom, J., entered a judgment consistent with the verdict. The defendants, except Agnes A. Moroun, appealed from the judgment entered by the trial court.

The Court of Appeals *held:*

1. Defendants' claim that the plaintiff cannot recover damages for both breach of an employment contract terminable for just cause only and discharge from employment in breach of public policy was not preserved for appellate review.

2. The jury instructions regarding the alleged breach of public policy adequately informed the jury of the applicable law.

3. A claim regarding an alleged breach of public policy may be premised on the alleged violation of a federal statute. An employer at will is not free to discharge an employee when the reason for the discharge is an intention on the part of the employer to contravene the public policy of this state.

4. The National Labor Relations Act, 29 USC 158(b)(1)(B), imposes a duty on a union not to influence or interfere with an

REFERENCES

Am Jur 2d, Labor and Labor Relations § 2385; Wrongful Discharge §§ 11, 19, 23-39, 44.

See ALR Index under At-Will Relationship; Discharge from Employment or Office; Public Policy; Unfair Labor Practices.

emp'oyer's choice of a bargaining representative. The plaintiff was entitled to be his employer's bargaining representative without being pressured to leave by the union involved.

5. The plaintiff presented sufficient evidence of a claim for breach of public policy to withstand the defendants' motion for a directed verdict. A rational trier of fact legitimately could infer that the union pressured the defendants into firing the plaintiff in order to achieve labor peace.

6. The trial court's order taxing costs must be affirmed.

Affirmed.

1. LABOR RELATIONS — UNFAIR LABOR PRACTICES — LABOR RELATIONS REPRESENTATIVES.

It is an unfair labor practice for a union to coerce an employer regarding the selection of the employer's labor relations representative; the National Labor Relations Act confers a right upon an employee to be the employer's bargaining representative without being pressured to leave by the union (29 USC 158[b][1][B]).

2. LABOR RELATIONS — AT-WILL EMPLOYEES — DISCHARGE — BREACH OF PUBLIC POLICY — FEDERAL STATUTES.

An employee at will may not be discharged when the reason for the discharge is the employer's intention to contravene the public policy of this state; a claim regarding a breach of public policy may be premised on the alleged violation of a federal statute.

3. LABOR RELATIONS — EMPLOYMENT AT WILL — EXCEPTIONS — PUBLIC POLICY.

An exception to the employment at will doctrine is recognized on the basis of the principle that some grounds for discharging an employee are so contrary to public policy as to be actionable; another exception exists where there are explicit legislative statements prohibiting the discharge, discipline, or other adverse treatment of employees who act in accordance with a statutory right or duty (however, a public policy claim is sustainable only where there is no applicable statutory prohibition against discharge in retaliation for the conduct at issue); a third exception exists where the alleged reason for the discharge was the employee's failure or refusal to violate a law in the course of employment; a fourth exception exists where the alleged reason for the discharge was the employee's exercise of a right conferred by a well-established legislative enactment.

*Gottlieb & Goren, P.C.* (by *Charles Gottlieb*), for the plaintiff.

*Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana* and *Kelly A. Freeman*), for the defendants.

Before: WAHLS, P.J., and JANSEN and J. P. NOECKER,* JJ.

JANSEN, J. Defendants Centra, Inc., Central Transport, Central Cartage Company, and Manuel J. Moroun (hereafter defendants), appeal as of right from a jury verdict for plaintiff in the amount of $197,500 in this action alleging wrongful discharge. We affirm.

Plaintiff filed his complaint in the Wayne Circuit Court, alleging age discrimination, breach of an employment contract terminable for just cause only, discharge in breach of public policy, tortious interference with contractual relations, violation of the Employee Right to Know Act, MCL 423.501 *et seq.*; MSA 17.62(1) *et seq.,* and seeking a declaratory judgment (specific performance). A jury found for plaintiff with regard to the claim of breach of an employment contract terminable for just cause only (awarding $60,000), the claim of breach of public policy (awarding $100,000), and the declaratory judgment claim (awarding $37,500 for breach of a written retainer fee contract). Defendants now contest the verdict with regard to the claim of breach of public policy.

Plaintiff alleged that his employment was terminated in breach of public policy on the bases that defendants submitted to union demands that they fire plaintiff to achieve "labor peace," that plaintiff failed to obey defendants' request to destroy documents subpoenaed by a federal grand jury, and that plaintiff blocked an offer by the union to dismiss a lawsuit by refusing to agree not to countersue the union. Defendants admitted in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

their trial brief that they terminated plaintiff's employment because of union pressure that there would be no labor peace unless plaintiff was removed. It was plaintiff's contention that it was a violation of the National Labor Relations Act (NLRA) for the union to influence defendants in their choice of a bargaining representative. 29 USC 158(b)(1)(B).

I

Defendants first contend that the jury verdict regarding the claim of breach of public policy must be vacated because plaintiff cannot recover damages for both breach of an employment contract terminable for just cause only and discharge in breach of public policy.

We find that this issue is not properly preserved for appellate review. Defendants never argued below that breach of an employment contract terminable for just cause only and breach of public policy are alternative theories and that plaintiff cannot recover under both. Issues raised for the first time on appeal ordinarily are not subject to review. *Booth Newspapers, Inc v Univ of Michigan Bd of Regents,* 444 Mich 211, 234; 507 NW2d 422 (1993). Because this issue was never raised below, we decline to review it. See *Peterman v Dep't of Natural Resources,* 446 Mich 177, 183; 521 NW2d 499 (1994) (it is a "time-honored rule that, absent unusual circumstances, issues not raised at trial may not be raised on appeal").

II

Defendants next contend that the trial court erred in denying their motion for a directed verdict with regard to the claim of breach of public policy.

Plaintiff's claim regarding breach of public policy was based on the NLRA. Specifically, plaintiff alleged that defendants breached public policy by yielding to union demands to fire plaintiff. Pursuant to 29 USC 158(b)(1)(B), it is an unfair labor practice for a union to coerce an employer regarding the selection of the employer's labor relations representative. Defendants contend that plaintiff's claim is legally insufficient because Michigan does not recognize an implied cause of action for breach of public policy when an employer violates federal law. Defendants also contend that the NLRA does not confer rights on plaintiff and, because he is not protected by the NLRA, he cannot receive a remedy for the alleged violation.

We first note that the question regarding legal sufficiency raised by defendants was not raised in the trial court in their motion for a directed verdict. Rather, defendants raised this issue by objecting to the trial court's instructions regarding the alleged breach of public policy. Thus, with regard to the issue concerning legal sufficiency, we review the trial court's instructions as a whole. The question is whether the instructions as given adequately informed the jury of the applicable law reflecting the various evidentiary claims in the particular case. *Riddle v McLouth Steel Products Corp,* 440 Mich 85, 101; 485 NW2d 676 (1992). We find that the jury instructions adequately informed the jury of the applicable law.

In *Suchodolski v Michigan Consolidated Gas Co,* 412 Mich 692, 695; 316 NW2d 710 (1982), the Supreme Court stated that an exception to the employment at will doctrine will be recognized on the basis of the principle that some grounds for discharging an employee are so contrary to public policy as to be actionable. First, an exception exists where there are explicit legislative state-

ments prohibiting the discharge, discipline, or other adverse treatment of employees who act in accordance with a statutory right or duty. *Id.* Second, such a cause of action has been found to be implied where the alleged reason for the discharge of the employee was the failure or refusal to violate a law in the course of employment. *Id.* Finally, a cause of action has also been found to be implied where the alleged reason for the discharge was the employee's exercise of a right conferred by a well-established legislative enactment. *Id.,* p 696. To some extent, the first of the three grounds in *Suchodolski* has been limited in *Dudewicz v Norris Schmid, Inc,* 443 Mich 68, 80; 503 NW2d 645 (1993), where the Court held that a public policy claim is sustainable only where there is not an applicable statutory prohibition against discharge in retaliation for the conduct at issue.

The trial court instructed the jury in pertinent part as follows:

Now, you are instructed that if you find the plaintiff was dismissed from his employment or from performing the obligations, the duties and demands of his office or release from his employment service, or moved from a greater job to a lesser job that you may find that plaintiff was wrongfully discharged.

You are further instructed that an employer is not free to discharge, discipline or otherwise adversely treat an employee who acts in accordance with the statutory right or duty, or where the employee fails or refuses to violate the law in the course of his employment; nor can the employer discharge the employee when the reason for the discharge is an intention on the part of the employer to contravene the public policy of Michigan or the United States.

Now, you are further instructed that it is against public policy to restrain or coerce an em-

ployer in the selection of its representative for
collective bargaining or adjustment of grievances
or; secondly, to refuse to bargain with an employer
based on the employers' selection of its representa-
tive.

We find that the trial court's instructions ade-
quately informed the jury of the law. We agree
with plaintiff that a claim regarding a breach of
public policy may be premised on the alleged
violation of a federal statute. Other jurisdictions
have also recognized a wrongful discharge action
based on a clearly articulated federal policy. *Sher-
man v St Barnabas Hosp*, 535 F Supp 564 (SD NY,
1982); *D'Agostino v Johnson & Johnson, Inc*, 133
NJ 516; 628 A2d 305 (1993). Further, the fact that
the NLRA does not specifically confer rights upon
plaintiff is not dispositive. As this Court has
stated, "the better view is that an employer at will
is not free to discharge an employee when the
reason for the discharge is an intention on the
part of the employer to contravene the public
policy of this state." *Sventko v Kroger Co*, 69 Mich
App 644, 647; 245 NW2d 151 (1976). Thus, it is the
fact that the employer discharged plaintiff in con-
travention of the public policy of this state that
permits plaintiff's claim regarding the breach of
public policy.

In any event, plaintiff was entitled to be the
employer's bargaining representative without in-
fluences from the union. Under the NLRA, a duty is
imposed on the union not to influence or interfere
with an employer's choice of a bargaining repre-
sentative. Accordingly, the NLRA did confer a right
upon plaintiff to be the bargaining representative
without being pressured to leave by the union.
Under these circumstances, the third prong of
*Suchodolski* is satisfied because a cause of action

may be had where the alleged reason for the discharge is the employee's exercise of a right conferred by a well-established legislative enactment.

Next, defendants contend that plaintiff failed to prove a prima facie case of breach of public policy and that the trial court, therefore, erred in denying their motion for a directed verdict. When evaluating a motion for a directed verdict, the court must consider the evidence in a light most favorable to the nonmoving party, making all reasonable inferences in the nonmoving party's favor. *Locke v Pachtman,* 446 Mich 216, 223; 521 NW2d 786 (1994). Directed verdicts are appropriate only when no factual question exists upon which reasonable minds may differ. *Brisboy v Fibreboard Corp,* 429 Mich 540, 549; 418 NW2d 650 (1988).

We find that plaintiff presented sufficient evidence at trial of a claim for breach of public policy. Plaintiff alleged that defendants terminated his employment by yielding to union demands that terminating his employment was the only way of achieving labor peace. Plaintiff testified that he was told that he would be removed from labor relations because he had been rendered neutral with the union during the many "snowballs" with other transportation companies. According to plaintiff, defendants were taking over the bankruptcies of other transportation companies, closing out the operations and creating confrontations with the unions in the bankruptcy courts. Plaintiff met with Manuel Moroun and it was reiterated that defendants' actions put plaintiff in the position that he had problems with the unions. Moroun made clear to plaintiff that plaintiff's work was satisfactory and that he knew that plaintiff was loyal. Further, defendants admitted in their

opening statement that the union made clear to Moroun that it did not want to deal with plaintiff.

Taking this evidence in a light most favorable to plaintiff and drawing all legitimate inferences therefrom, we find that plaintiff presented sufficient evidence regarding his claim of breach of public policy to withstand a motion for a directed verdict. A rational trier of fact legitimately could infer that the union pressured defendants into firing plaintiff in order to achieve labor peace.

### III

Last, defendants argue that the trial court's order taxing costs should be reversed if this Court vacates the jury verdict or grants a new trial. Because we are affirming the jury's verdict, we also affirm the trial court's order taxing costs pursuant to MCR 2.625(A) and (B).

Affirmed.