LEWANDOWSKI v NUCLEAR MANAGEMENT COMPANY, LLC

Docket No. 268511. Submitted August 8, 2006, at Grand Rapids. Decided August 17, 2006, at 9:10 a.m.

Michael Lewandowski brought an action in the Van Buren Circuit Court against Nuclear Management Company, LLC; and Consumers Energy Company. The plaintiff alleged a wrongful discharge in violation of the Whistleblowers' Protection Act (WPA), MCL 15.361 *et seq.*, after he reported incidents at the nuclear plant where he worked to the Nuclear Regulatory Commission (NRC). Consumers was dismissed by stipulation. Nuclear Management then moved for summary disposition on the ground that the NRC is not a "public body" as defined by the WPA. The court, William C. Buhl, J., granted the motion. The plaintiff then moved to amend his complaint to claim that his discharge was wrongful because it violated public policy. The court denied the motion, concluding that the amendment would be futile. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court did not err by concluding that the NRC is not a public body to which the WPA applies. The language and the context of MCL 15.361(d)(*iii*) clearly indicate that federal agencies and commissions are not included within the definition of "public body" in that part of the statute. While MCL 15.361(d)(*v*) includes federal law enforcement agencies within the definition of "public body," the NRC is a regulatory agency rather than a law enforcement agency.

2. The trial court did not abuse its discretion by denying the plaintiff's motion to amend his complaint. While employment in Michigan is generally at will, an employee can bring an action for wrongful discharge if the grounds for discharge violated public policy. A public-policy claim, however, may only be sustained if there is no applicable statute prohibiting retaliatory discharge for the conduct at issue. As the trial court determined, the prohibition in 42 USC 5851 against retaliatory discharge rendered the proposed amendment futile.

Affirmed.

MASTER AND SERVANT — WRONGFUL DISCHARGE — WHISTLEBLOWERS' PROTECTION ACT — PUBLIC BODIES.

A federal agency or commission that is not a law enforcement agency is not a public body to which the Whistleblowers' Protection Act applies; a federal regulatory agency, such as the Nuclear Regulatory Commission, is not a law enforcement agency (MCL 15.361[d]).

*Chambers, Steiner & Sturm, P.L.C.* (by *William P. Webster, Jr.*), for the plaintiff.

*Straub, Seaman & Allen, P.C.* (by *James M. Straub* and *Donna B. Howard*), for the defendant.

Before: ZAHRA, P.J., and NEFF and OWENS, JJ.

PER CURIAM. Plaintiff appeals as of right a grant of summary disposition to defendant pursuant to MCR 2.116(C)(8), as well as the subsequent denial of plaintiff's motion to amend his complaint. This case arose when defendant terminated plaintiff's employment after plaintiff reported defendant to the Nuclear Regulatory Commission (NRC). We affirm.

Plaintiff began working full-time for Consumers Energy Company in 1978. In 1981, he transferred to the Palisades Nuclear Plant. In July 2001, defendant began managing the station. According to plaintiff's supervisor, James Ridley, he gave plaintiff a C rating in plaintiff's 2002 year-end performance evaluation. A C rating was the lowest rating an employee could receive, and it resulted in the initiation of a 90-day performance improvement plan. Plaintiff's performance improvement plan required plaintiff to file three corrective action programs (CAPs). CAPs were designed to identify and resolve problems, and the NRC's on-site inspector had access to the CAPs. By March 11, 2003, plaintiff had filed two of the three CAPs. On March 23, 2003, a crane operator pushed aside a "lock high radiation

area" barricade while operating the crane. Plaintiff claimed that he was told not to file a CAP about the incident, so he contacted the NRC's on-site inspector. The NRC initiated an investigation. The NRC also investigated other allegations by plaintiff.

In March 2004, plaintiff applied for short-term disability. He was terminated June 25, 2004; the reason given for termination was plaintiff's failure to comply with requests for medical records, which resulted in his being absent without approval since June 21, 2004.[1] Plaintiff filed suit against defendant and Consumers Energy under the Whistleblowers' Protection Act (WPA), MCL 15.361 *et seq.*, claiming that he was wrongfully discharged. Consumers Energy was dismissed from the lawsuit by stipulation and order. The complaint was amended by stipulation, first to add a claim under the Family and Medical Leave Act (FMLA), 29 USC 2601 *et seq.*, then to remove references to Consumers Energy as a defendant. Defendant moved for summary disposition pursuant to MCR 2.116(C)(8) and (10) on the ground that plaintiff could not establish a claim under the WPA because the NRC was not a "public body" as defined by the WPA.[2] The trial court granted defendant summary disposition. Plaintiff moved to amend the complaint to add a claim of

---

[1] The parties present many facts with respect to plaintiff's work performance and medical condition. The court granted summary disposition on the ground that the NRC was not a public body within the meaning of the Whistleblowers' Protection Act (WPA), MCL 15.361 *et seq.*, and denied plaintiff's motion to amend his complaint because the proposed count was barred by law. Because consideration of plaintiff's work performance and medical condition is unnecessary to resolve the issues on appeal, a detailed rendition of these facts is not presented.

[2] Defendant also moved for, and was granted, summary disposition on plaintiff's FMLA count; because plaintiff has not appealed summary disposition with respect to this count, the circumstances surrounding the court's decision on this ground are not discussed.

public-policy wrongful discharge. After oral argument, the court denied plaintiff's motion on the ground that amendment would be futile.

Plaintiff first argues that the trial court erred when it determined that the NRC was not a public body. We disagree.

A trial court's grant of summary disposition pursuant to MCR 2.116(C)(8) is reviewed de novo. *Adair v Michigan*, 470 Mich 105, 119; 680 NW2d 386 (2004). Whether a plaintiff has established a prima facie violation of the WPA is also considered de novo. *Manzo v Petrella*, 261 Mich App 705, 711; 683 NW2d 699 (2004). Under the WPA, an employer may not discharge an employee because the employee reports a violation of a federal law to a public body. MCL 15.362. Plaintiff claimed he was discharged in violation of the act because he reported defendant's violations to the NRC. The trial court granted defendant summary disposition because it found that the NRC, as a federal agency, was not a "public body" as defined by the act. When a statute provides a definition for a term, the term must be applied as defined. *Barrett v Kirtland Community College*, 245 Mich App 306, 314; 628 NW2d 63 (2001). MCL 15.361(d) defines "public body" in relevant part as:

> (*i*) A state officer, employee, agency, department, division, bureau, board, commission, council, authority, or other body in the executive branch of state government.

> (*ii*) An agency, board, commission, council, member, or employee of the legislative branch of state government.

> (*iii*) A county, city, township, village, intercounty, intercity, or regional governing body, a council, school district, special district, or municipal corporation, or a board, department, *commission*, council, *agency*, or any member or employee thereof.

(*iv*) Any other body which is created by state or local authority or which is primarily funded by or through state or local authority, or any member or employee of that body.

(*v*) A *law enforcement agency* or any member or employee of a law enforcement agency.

(*vi*) The judiciary and any member or employee of the judiciary.

Specifically, plaintiff argues that MCL 15.361(d)(*iii*) contains three series separated by "or," and thus the third series, "a board, department, commission, council, agency, or any member or employee thereof," is not limited to state or local authority. In *Breighner v Michigan High School Athletic Ass'n, Inc,* 471 Mich 217, 232; 683 NW2d 639 (2004), our Supreme Court did not interpret a similar definition of "public body," found in MCL 15.232(d)(*iii*), in the same fashion. MCL 15.232(d)(*iii*) provides that a public body is

[a] county, city, township, village, intercounty, intercity, or regional governing body, council, school district, special district, or municipal corporation, or a board, department, commission, council, or agency thereof.

The Court found that this subsection "designates several distinct governmental units as public bodies, and proceeds to include in this definition any 'agency' of such a governmental unit." *Breighner, supra* at 232. The subsection before us ends with "or any member or employee thereof" rather than "or agency thereof." MCL 15.361(d)(*iii*). Nevertheless, because the adjective "any" refers to both "member" and "employee," the phrase "any member or employee" is a singular term like "agency," and, thus, the difference in wording does not require an interpretation of MCL 15.361(d)(*iii*) different from the interpretation in *Breighner*.

Moreover, when interpreting a clause in a statute, courts must consider the context in which the clause

was used. *Griffith v State Farm Mut Automobile Ins Co,*
472 Mich 521, 533; 697 NW2d 895 (2005). Here, the first
subsection of MCL 15.361(d) refers to the executive
branch of state government. MCL 15.361(d)(*i*). The sec-
ond subsection refers to the legislative branch of state
government. MCL 15.361(d)(*ii*). The first and second
series of the third subsection clearly refer to local govern-
ment. MCL 15.361(d)(*iii*). The fourth subsection refers to
any other body created by or funded by or through state or
local authority and, hence, does not encompass the federal
government. MCL 15.361(d)(*iv*). Given the clearly state
and local context of the first four subsections, to interpret
the third series of the third subsection to include federal
agencies or commissions would be to interpret the series
out of context. *Griffith, supra* at 533. Hence, plaintiff
cannot sustain his argument under MCL 15.361(d)(*iii*).

Plaintiff also argues that the NRC, as a law enforce-
ment agency, would be a public body under MCL
15.361(d)(*v*). Unlike MCL 15.361(d)(*i*) through (*iii*), MCL
15.361(d)(*v*) and (*vi*) do not contain language limiting
their application to state or local government. Construing
"law enforcement agency" under MCL 15.361(d)(*v*) to
include a federal law enforcement agency would be con-
sistent with the Supreme Court's determination in *Dolan
v Continental Airlines/Continental Express,* 454 Mich
373, 375, 382-383; 563 NW2d 23 (1997), a case in which
the plaintiff reported suspected violations by third parties
to the federal Drug Enforcement Agency.[3] Therefore, the
question is whether the NRC could be considered a law
enforcement agency. Having reviewed the authority
cited by plaintiff, we conclude that it fails to resolve the
issue.

---

[3] The *Dolan* Court did not address whether the Drug Enforcement
Agency was a "public body" as defined by the WPA.

Instead, we note that 44 USC 3502(5) specifically designates the NRC as an independent regulatory agency; 21 USC 872a(a) and (b)(2), 23 USC 127(a)(12)(C), and 31 USC 310(b)(2)(E) all refer to law enforcement and regulatory agencies separately, which indicates that a regulatory agency is not considered a law enforcement agency. Additionally, MCL 761.1(p) (definition of "federal law enforcement officer") and MCL 764.15d (enumerating the power of a federal law enforcement officer to enforce state law) are both contained in the Code of Criminal Procedure, MCL 760.1 *et seq.*, indicating that "law enforcement" refers to the prevention of criminal activities rather than the regulation of industries. Furthermore, of the 153 published Michigan cases since 1933 containing the term "law enforcement agency," none referred to the term to define a civil regulatory agency. Words or phrases in a statute should be given their ordinary and commonly understood meanings. *Campbell v Sullins,* 257 Mich App 179, 188; 667 NW2d 887 (2003). Thus, the NRC is not a law enforcement agency as contemplated by the WPA.

Plaintiff next argues that the trial court abused its discretion in denying his motion to amend his complaint to add a claim of public-policy wrongful discharge because plaintiff still had viable claims under the second and third prongs of *Suchodolski v Michigan Consolidated Gas Co,* 412 Mich 692, 694-696; 316 NW2d 710 (1982). We disagree.

A trial court's denial of leave to amend pleadings is reviewed for an abuse of discretion. *Ormsby v Capital Welding, Inc,* 471 Mich 45, 53; 684 NW2d 320 (2004). Leave to amend the pleadings should be freely granted to the nonprevailing party upon a grant of summary disposition unless the amendment would be futile or

otherwise unjustified. *Id.* at 52-53. The trial court denied plaintiff's motion to amend his pleadings to include a claim of public-policy wrongful discharge on the ground that the amendment would have been futile.

In *Suchodolski, supra* at 694-695, our Supreme Court found that although employment in Michigan was generally at will, an employee could bring suit for wrongful discharge if the grounds for discharge violated public policy. It noted that public policy is violated when (a) a statute specifically prohibits the discharge, (b) the employee is discharged for refusing to violate the law, or (c) the employee is discharged for exercising a well-established statutory right. *Id.* at 695-696. The first prong involves an express cause of action, while the second and third prongs involve implied causes of action. *Id.* However, if a statute provides a remedy for a violation of a right, and no common-law counterpart right exists, the statutory remedy is typically the exclusive remedy. *Dudewicz v Norris Schmid, Inc,* 443 Mich 68, 78; 503 NW2d 645 (1993). Moreover, an employee has no common-law right to avoid termination when he or she reports an employer's violation of the law. *Id.* In other words, a public-policy claim may only be sustained if there is no applicable statute prohibiting retaliatory discharge for the conduct at issue. *Id.* at 80.

Citing *Driver v Hanley (After Remand),* 226 Mich App 558, 566; 575 NW2d 31 (1997), plaintiff argues that if the WPA provides no remedy at all, it cannot be a plaintiff's exclusive remedy. While *Driver* does stand for this proposition, the trial court did not find plaintiff's proposed amendment futile on the basis of the WPA; rather, it determined that the prohibition in 42 USC 5851[4] against retaliatory discharge rendered the pro-

---

[4] Plaintiff also relies on 42 USC 5846 to support his public-policy wrongful discharge claim. 42 USC 5846 provides that a responsible

posed amendment futile. 42 USC 5851(a)(1) prohibits an employer from discharging an employee on the ground that the employee (1) notified the employer of a purported violation, (2) refused to violate the Atomic Energy Act, or (3) caused a proceeding to commence under the act. And a public-policy violation can be premised on a violation of a federal statute. *Garavaglia v Centra, Inc*, 211 Mich App 625, 631; 536 NW2d 805 (1995).[5] Hence, plaintiff's claim clearly does not survive the first prong of *Suchodolski*.

The question is whether plaintiff's claim based on the same express statute can survive under the second or third implied prong when it could not survive under the first express prong. Citing *Edelberg v Leco Corp*, 236 Mich App 177, 180 n 2; 599 NW2d 785 (1999), plaintiff argues that *Dudewicz* only precludes a cause of action under the first prong of *Suchodolski* when an express statutory right exists. The footnote in *Edelberg* cited here by plaintiff addressed an issue not raised by either of the parties and, thus, was merely nonbinding dicta. *Edelberg, supra* at 183. The *Edelberg* Court properly addressed the plaintiff's rather convoluted argument with respect to the third prong of *Suchodolski* as presented, but noted in the footnote that the

officer who fails to notify the commission of a failure to comply with a safety regulation or of a defect will be subject to a civil penalty. This statute does not confer a right on plaintiff; however, assuming plaintiff is considered a responsible officer within the meaning of the statute, it may impose a duty. Moreover, plaintiff arguably was refusing to violate this statute when he notified the NRC of the purported violations. Nevertheless, 42 USC 5846 is part of the same act as 42 USC 5851, which provides a statutory right.

[5] But see *Calabrese v Tendercare of Michigan, Inc*, 262 Mich App 256, 266; 685 NW2d 313 (2004), in which this Court noted that if preemption had been raised in *Garavaglia* with respect to the National Labor Relations Act, the Court would have found the plaintiff's state claim preempted.

plaintiff's claim would not have survived under *Dudewicz*; its casual reference to "the first prong" did not indicate that a cause of action could survive under the second and third prongs when it failed to survive under the first prong. See *id.* at 180 n 2.

Notably, in *Dudewicz,* after determining that a specific statutory prohibition against retaliatory discharge rendered a public-policy wrongful discharge claim unviable, the Supreme Court did not then analyze the public-policy wrongful discharge claim under the second and third prongs of *Suchodolski. Dudewicz, supra* at 79-80. Plaintiff here did not cite any case in which a public-policy wrongful discharge claim was found inapplicable because of an express statutory prohibition against discharge, but a public-policy wrongful discharge claim was then found viable under the second or third prong of *Suchodolski.* Even in *Edelberg, supra* at 184, this Court found that the plaintiff's claim under the third prong of *Suchodolski* failed. Therefore, plaintiff's argument fails here.

Affirmed.