*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LAURA NEZWISKY,

      Plaintiff-Appellant,

UNPUBLISHED
April 16, 2020

v

No. 346346
Oakland Circuit Court
LC No. 2018-166074-CB

BORGWARNER, INC.,

      Defendant-Appellee.

Before: SAWYER, P.J., and LETICA and REDFORD, JJ.

PER CURIAM.

In this wrongful termination suit involving an at-will employee, plaintiff appeals as of right from the trial court's order granting summary disposition in favor of defendant. On appeal, plaintiff argues that the trial court erred because the Sarbanes-Oxley Act of 2002 ("the Sarbanes-Oxley Act"), 18 USC 1514 *et seq.*, and Michigan law did not preclude her wrongful discharge claim. We affirm.

## I. BACKGROUND

This case arises out of plaintiff's termination from her employment with defendant. Plaintiff was a management-level auditor for defendant for 11 years. Plaintiff conducted audits under the Sarbanes-Oxley Act, improving the accuracy of corporate disclosures as well as checking for accounting errors and fraudulent practices in defendant's enterprise for shareholder protection purposes. Plaintiff alleged that she determined that the actions of certain executive officers constituted fraud. Once plaintiff reported these issues to company employees, she contends that she was progressively subject to interference with her audits and eventually terminated.

Plaintiff filed a complaint, alleging a violation of public policy and wrongful termination.[1] Defendant filed a motion for summary disposition under MCR 2.116(C)(8) because the Sarbanes-Oxley Act's statutory prohibition of plaintiff's alleged wrongful termination barred plaintiff from maintaining any public-policy claim for wrongful discharge. See 18 USC 1514(a)-(c) (the whistleblower protection remedy).

The trial court granted defendant's motion. The trial court determined that plaintiff's claims failed as a matter of law because a public-policy claim may only be maintained if there is no applicable statute prohibiting retaliatory discharge for the conduct at issue. And because the Sarbanes-Oxley Act was an applicable statute prohibiting retaliatory discharge for plaintiff's conduct, plaintiff's claims for violation of public policy and wrongful discharge were precluded. The parties later entered into a stipulated order of judgment, dismissing plaintiff's complaint in its entirety with prejudice and entering judgment in favor of defendant. This appeal followed.

## II. DISCUSSION

Plaintiff argues that the trial court erred by granting defendant's motion for summary disposition under MCR 2.116(C)(8) with regard to plaintiff's public-policy claim for termination of her employment. Specifically, plaintiff asserts that her public-policy claim was not precluded by our decisions in *Lewandowski v Nuclear Mgmt*, 272 Mich App 120; 724 NW2d 718 (2006), and *Kimmelman v Heather Downs Mgmt, Ltd*, 278 Mich App 569; 753 NW2d 265 (2008). We disagree.

We review de novo the trial court's grant of summary disposition on the basis of MCR 2.116(C)(8). *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013). "A court may grant summary disposition under MCR 2.116(C)(8) if the opposing party has failed to state a claim on which relief can be granted." *Dalley v Dykema Gossett*, 287 Mich App 296, 304; 788 NW2d 679 (2010) (quotation marks and alterations omitted). "A motion under MCR 2.116(C)(8) may be granted only when the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Johnson v Pastoriza*, 491 Mich 417, 435; 818 NW2d 279 (2012) (quotation marks omitted). The legal sufficiency of the claim is tested on the basis of the pleadings alone. *Bailey*, 494 Mich at 603. "When deciding a motion under MCR 2.116(C)(8), the court must accept as true all factual allegations contained in the complaint." *Id*.

An at-will employment relationship may be terminated by either party "at any time for any, or no, reason." *Suchodolski v Mich Cons Gas Co*, 412 Mich 692, 695; 316 NW2d 710 (1982). An exception to this rule permits an at-will employee to bring a suit for wrongful discharge if the employer's ground for termination violated public policy. *Lewandowski*, 272 Mich App at 127. A violation of public policy occurs when: "(a) a statute specifically prohibits the discharge, (b) the employee is discharged for refusing to violate the law, or (c) the employee is discharged for exercising a well-established statutory right." *Id*. "However, if a statute provides a remedy for a violation of a right, and no common-law counterpart right exists, the statutory remedy is typically the exclusive remedy." *Id*. "[A] public-policy violation can be premised on a violation of a federal

---

[1] Although plaintiff also alleged defamation and breach of contract for failure to pay a bonus, these counts are not in issue.

statute." *Id*. at 128. Because an employee does not have a common-law right to avoid termination when reporting an employer's violation of the law, "a public-policy claim may only be sustained if there is no applicable statute prohibiting retaliatory discharge for the conduct at issue." *Id*. at 127. "[W]here there exists a statute explicitly proscribing a particular adverse employment action, that statute is the exclusive remedy, and no other 'public policy' claim for wrongful discharge can be maintained." *Kimmelman*, 278 Mich App at 573.

In this case, plaintiff does not dispute the trial court's finding that she was an at-will employee. Plaintiff also acknowledges that her allegedly wrongful termination could have been remedied by a claim under the whistleblower protection remedy provided by the Sarbanes-Oxley Act. She, however, elected to pursue a state law public-policy claim.

The Sarbanes-Oxley Act's whistleblower protection remedy provisions explicitly prohibit the wrongful discharge of an employee for providing information regarding potential securities fraud to a supervisor. 18 USC 1514A(a). Moreover, they lay out the process by which an employee who is wrongfully discharged for reporting potential fraud may vindicate her statutory rights. 18 USC 1514A(b) and (c). Accordingly, under *Kimmelman* and *Lewandowski*, the whistleblower protection remedy of the Sarbanes-Oxley Act is the exclusive remedy for plaintiff's wrongful termination claim, meaning that plaintiff's public-policy claim cannot be maintained. *Kimmelman*, 278 Mich App at 573; *Lewandowski*, 272 Mich App at 127.

Plaintiff nevertheless asserts that *Lewandowski* and *Kimmelman* do not preclude her public-policy claim. Plaintiff argues that the Sarbanes-Oxley Act functions as the "source of" or "reference for" her public-policy claim and, thus, it would be illogical to conclude that the Sarbanes-Oxley Act prevents her public-policy claim from being sustained. Plaintiff asserts that this lack of an "objective legal source" of law resulted in the determination in *Kimmelman* that the plaintiff could not bring a claim for a public-policy violation on the basis of wrongful termination and that the Sarbanes-Oxley Act provides the missing objective source for plaintiff's public-policy claim.

Plaintiff is correct that we have clarified that, when evaluating a claim for violation of public policy because of wrongful discharge, "the proper exercise of the judicial power is to determine from objective legal sources what public policy *is*, and not to simply assert what such policy *ought* to be on the basis of the subjective views of individual judges." *Kimmelman*, 278 Mich App at 573 (quotation marks omitted). Thus, to sustain a public-policy claim, an employee must have been terminated for "exercising a right guaranteed by *law*, executing a duty required by *law*, or refraining from violating the *law*." *Id*. (emphasis added). Yet, the need for an enumerated legal basis for a public-policy claim does not foreclose the possibility of a public-policy claim surviving a motion for summary disposition. See *Phillips v Butterball Farms Co, Inc*, 448 Mich 239, 253; 531 NW2d 144 (1995) (finding a public-policy claim was sustained where the plaintiff "had a reasonable expectation that she would not be terminated for filing a worker's compensation claim, despite the at-will nature of the employment relationship"); *Garavaglia v Centra, Inc*, 211 Mich App 625, 629-633; 536 NW2d 805 (1995) (finding that the plaintiff was permitted to bring a claim of breach of public policy for wrongful termination when the National Labor Relations Act [NLRA] imposed a duty on a union not to influence or interfere with employer's choice of bargaining representative). Because "restrictions on an employer's ability to terminate an at-will employment agreement are most often found in explicit legislation," the public-policy exception

may *practically* be limited in its application because of the expansiveness of current legislative protections for wrongful termination. *Silberstein v Pro-Golf of America, Inc*, 278 Mich App 446, 453-454; 750 NW2d 615 (2008). However, the narrow nature of the public-policy exception does not make it logically unsound.

Furthermore, plaintiff mischaracterizes the logical conclusion of *Kimmelman*'s rationale. In *Kimmelman*, the plaintiff pursued a claim of violation of public policy for wrongful discharge, asserting that his at-will employment was terminated because of his participation in a criminal investigation and court action. 278 Mich App at 576. However, we found that the plaintiff's claim constituted a violation of protected activities under the Whistleblower Protection Act (WPA), MCL 15.361 *et seq*., and that the WPA thus provided the exclusive remedy available. *Id*. at 575-576. Because the plaintiff had exceeded the statute of limitations for which to file a claim under the WPA, this Court affirmed the trial court's granting of summary disposition to defendant. *Id*. at 576. Therefore, there was no missing "objective legal source[]" for reference to establish a violation of public policy, as the WPA protected the plaintiff's activity, and thus barred an independent claim for a violation of public policy. *Id*. at 573, 576. Contrary to plaintiff's assertions, *Kimmelman* confirms that plaintiff's public-policy claim fails because of the whistleblower remedy in the Sarbanes-Oxley Act.

Similarly, while plaintiff contends that *Lewandowski*, 272 Mich App at 127, *Driver v Hanley*, 226 Mich App 558, 566-67; 575 NW2d 31 (1997), and *Garavaglia*, 211 Mich App at 627-628, demonstrate that her public-policy claim should have survived summary disposition, she has mischaracterized the holdings in each of these cases. Plaintiff notes that *Lewandowski* held that the WPA did not apply to the plaintiff's claims because the plaintiff did not report the alleged wrongdoing at issue to a public body. *Lewandowski*, 272 Mich App at 126. Plaintiff urges us to find that *Lewandowski* does not bar her public-policy claim because she also did not report to a public body. But the determination of whether plaintiff reported to a public body is irrelevant to the determination that her public-policy claim was properly barred under *Lewandowski*. In *Lewandowski*, the plaintiff brought a claim under the WPA *and* attempted to amend his pleadings to include a claim of violation of public policy for wrongful discharge. *Id*. at 122, 125-126. The language highlighted by plaintiff pertains to this Court's determination that the plaintiff in *Lewandowski* failed to properly establish a claim under the WPA because the body to which the plaintiff reported—the Nuclear Regulatory Commission—was not a public body under the WPA. *Id*. at 122-126. We further determined that the plaintiff's public-policy claim was not viable because of an *entirely separate* statutory remedy for the wrongful discharge existed under 42 USC 5851(a)(1). *Lewandowski*, 272 Mich App at 127-129.

Similarly, plaintiff's reliance on *Driver*, 226 Mich at 558, and *Garavaglia*, 211 Mich App at 631, is unavailing. Plaintiff highlights *Driver*'s holding that "[b]ecause the WPA provided no remedy at all, it could not have provided plaintiff's exclusive remedy" and asserts that *Driver* is analogous to the case at bar. *Id*. at 566. Yet in *Driver*, the WPA provided no remedy because the plaintiff had not complained to a public body as required under the WPA, and thus the WPA did not apply. *Id*. at 565-566. The corollary of the holding in *Driver* is consistent with *Lewandowski*— the existence of an applicable statutory remedy is the plaintiff's exclusive remedy. Likewise, the plaintiff in *Garavaglia* was able pursue a claim for violation of public policy. In *Garavaglia*, the plaintiff alleged that the defendants violated public policy when it acquiesced to union demands to fire the plaintiff. *Garavaglia*, 211 Mich App at 629. While the NLRA did not specifically

provide an applicable prohibition against retaliatory discharge for such conduct, we found that the NLRA conferred a right upon the plaintiff to be a bargaining representative without being pressured to leave by the union and that the plaintiff was discharged for exercising that right. *Id*. at 631. Therefore, *Driver* and *Garavaglia* confirm that plaintiff here could not sustain a public-policy claim. Because plaintiff admits that the Sarbanes-Oxley Act provides a statutory remedy for her allegedly wrongful discharge, it could, and did, provide her exclusive remedy.

Plaintiff next argues that the Sarbanes-Oxley Act cannot be considered to provide the sole remedy for her because it does not preempt the public policy common-law remedy. However, federal preemption analysis is inapposite. The federal preemption doctrine concerns the supremacy of federal law "when a state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Packowski v United Food & Commercial Workers Local 951*, 289 Mich App 132, 140; 796 NW2d 94 (2010) (quotation marks omitted). In this case, plaintiff's claim is precluded not because of any preemptive effect of the Sarbanes-Oxley Act, but rather because of Michigan's approach to public-policy claims as provided in *Kimmelman* and *Lewandowski*.

Plaintiff additionally argues that her public-policy claim should have been sustained because the Sarbanes-Oxley Act is not analogous to common-law public policy for wrongful discharge. Plaintiff reasons that because the Sarbanes-Oxley Act requires an exhaustion of administrative remedies, provides for a statute of limitations period to file a complaint, and entails filing a complaint with the United States' Secretary of Labor, her public-policy claim is distinctive and should be allowed to proceed. However, any similarity between the Sarbanes-Oxley Act and public-policy claims is irrelevant to the determination of whether the Sarbanes-Oxley Act prohibited defendant's alleged retaliatory discharge of plaintiff, and thus precluded plaintiff's public-policy claim. Indeed, plaintiff acknowledges that she could have sought relief under the Sarbanes-Oxley Act, but chose not to do so. Plaintiff does not cite any authority that a difference in the processes required to secure a statutory remedy for wrongful termination and to establish a claim of common-law public policy allow her to pursue a common-law public-policy claim. Nor does plaintiff provide supportive authority for the contention that a statute which employs an administrative process to obtain a remedy for wrongful termination is not subject to the holdings of *Kimmelman* and *Lewandowski*. It is well-established that "it is not enough for an appellant in h[er] brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for h[er] claims, or unravel and elaborate for h[er] h[er] arguments, and then search for authority either to sustain or reject h[er] position." *Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998) (quotation marks omitted).

Finally, plaintiff contends that although the statutory language of the Sarbanes-Oxley Act applies to her wrongful discharge, any attempt to pursue a claim under it would have been futile because of the employment agreement's forum-selection clause. As an initial matter, plaintiff appears to misinterpret the impact of a forum-selection clause, which does not strip the Secretary of Labor or federal district courts of their jurisdiction to consider claims brought under the Sarbanes-Oxley Act. See 18 USC 1514A(b)(1). Moreover, even accepting the premise of plaintiff's argument, while *Lewandowski* and *Kimmelman* do not explicitly discuss whether an employment contract's forum-selection clause affects the determination that a statutory remedy is available such that a public-policy claim is barred, plaintiff's argument is meritless. *Lewandowski* and *Kimmelman* do not specify that a plaintiff must *successfully bring* a claim under an applicable

statutory remedy to preclude a plaintiff's claim, but rather that a statutory remedy *exist*. *Lewandowski*, 272 Mich App at 127 ("[A] public-policy claim may only be sustained if there is no applicable statute prohibiting retaliatory discharge for the conduct at issue."); *Kimmelman*, 278 Mich App at 573 ("[W]here there exists a statute explicitly proscribing a particular adverse employment action, that statute is the exclusive remedy, and no other 'public policy' claim for wrongful discharge can be maintained."). Thus, irrespective of the relative likelihood of success of plaintiff's claim under the Sarbanes-Oxley Act, plaintiff cannot maintain a public-policy claim. Accordingly, the trial court did not err in granting defendant's motion for summary disposition under MCR 2.116(C)(8) with regard to plaintiff's public-policy claim.

Affirmed.

/s/ David H. Sawyer
/s/ Anica Letica
/s/ James Robert Redford

-6-