*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VICTOR ORAHA,

Plaintiff-Appellant,

v

TROY MOTORS, INC., doing business as ELDER FORD,

Defendant-Appellee.

UNPUBLISHED
August 11, 2022

No. 358183
Oakland Circuit Court
LC No. 2020-184962-CD

Before: RIORDAN, P.J., and BORRELLO and LETICA, JJ.

PER CURIAM.

In this action alleging wrongful discharge in violation of public policy, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant. We reverse and remand for further proceedings.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff was the general sales manager at defendant's car dealership, Elder Ford, in Troy, Michigan. In March 2019, the Ford Motor Company allegedly audited defendant and found that it mishandled customer rebates resulting in defendant's payment of fines and refunds to customers. In May 2019, defendant allegedly announced a new sales policy that involved adding accessories onto customers' vehicle purchases without the customers' approval in order to offset the profit loss from the rebate adjustments. Plaintiff claimed that the new policy would perpetrate a fraud upon customers and refused to participate in it. Instead, he proposed the creation of an accessory menu to sell car accessories to customers with their consent and a deal checklist to ensure that rebate guidelines were followed. Approximately five weeks later, plaintiff received a negative performance review. Shortly thereafter, defendant terminated plaintiff's employment purportedly because of his unwillingness to follow the new sales policies.

Plaintiff filed a one-count complaint alleging that defendant instructed him to commit illegal fraud through the new sales policy, which he refused to do, and claimed he was discharged in violation of public policy. In lieu of filing an answer to plaintiff's complaint, defendant moved for summary disposition under MCR 2.116(C)(8). In the motion, defendant alleged that plaintiff

-1-

failed to identify sufficient facts to establish that he was terminated in violation of public policy in light of the conclusory reference to common-law fraud. Because any contractual agreement was reduced to a writing, defendant contended that fraud could not occur when the written contract apprised the customer of any accessories. Further, defendant claimed that plaintiff failed to identify an objective source from which a public policy could be derived, and therefore, his claim must be dismissed.

Plaintiff opposed the dispositive motion, asserting that he identified and pleaded an objective source of law that he refused to violate, which led to his termination in violation of public policy. He further contended that he was not required to bring forth evidence of every element of common-law fraud, and defendant's factual arguments regarding the contents of the sales contracts were improper in a motion brought pursuant to MCR 2.116(C)(8). The trial court granted summary disposition in favor of defendant, reasoning that plaintiff failed to plead facts which, if true, demonstrated that he was fired for refusing to violate a clear public policy. It further concluded that plaintiff "failed to show how the alleged 'scheme' amounts to either statutory or common-law fraud." The trial court also denied plaintiff's motion for reconsideration.

## II. STANDARD OF REVIEW

Summary disposition under MCR 2.116(C)(8) is properly granted when the plaintiff fails to state a claim under which relief can be granted. "A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim based on the factual allegations in the complaint." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159-160; 934 NW2d 665 (2019) (emphasis omitted). When considering such a motion, a court must decide the motion on the pleadings alone, accepting as true all factual allegations. *Id*. at 160. A trial court properly grants a motion under MCR 2.116(C)(8) when a plaintiff's claims are so clearly unenforceable as a matter of law that no factual development could entitle the plaintiff to recovery. *Maple Manor Rehab Ctr, LLC v Dep't of Treasury*, 333 Mich App 154, 162-163; 958 NW2d 894 (2020).

## III. DISCUSSION

Plaintiff asserts that the trial court erred when it granted summary disposition in favor of defendant on his claim that he was discharged in violation of public policy. We agree.

Under Michigan law, a contract for employment is generally at-will. *Lewandowski v Nuclear Mgt Co*, 272 Mich App 120, 127; 724 NW2d 718 (2006). This means that "either party to an employment contract for an indefinite term may terminate it at any time for any, or no, reason." *Suchodolski v Mich Consol Gas Co*, 412 Mich 692, 695; 316 NW2d 710 (1982). However, an exception to this general rule occurs when the reason for the employee's discharge is contrary to public policy. *Id*. An employee's discharge violates public policy under three circumstances: "(a) a statute specifically prohibits the discharge, (b) the employee is discharged for refusing to violate the law, or (c) the employee is discharged for exercising a well-established statutory right." *Lewandowski*, 272 Mich App at 127.

Plaintiff claims that he was discharged in violation of public policy for refusing to violate the common-law prohibition on committing fraud and refusing to violate the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et. seq*. Preliminarily, it is necessary to determine whether

it is the public policy of Michigan that an employee is protected from the termination of his employment for refusing to engage in fraud or MCPA violations. The Supreme Court has cautioned that "the proper exercise of the judicial power is to determine from objective legal sources what public policy *is*, and not to simply assert what such policy *ought* to be on the basis of the subjective views of individual judges." *Terrien v Zwit*, 467 Mich 56, 66; 648 NW2d 602 (2002). Policies that can support a claim for wrongful discharge in violation of public policy are those that "have been adopted by the public through our various legal processes, and are reflected in our state and federal constitutions, our statutes, and the common law." *Id*. at 66-67. There are no decisions that are precedentially-binding on this Court that have considered whether an employee's refusal to commit fraud against a customer can support a claim of wrongful discharge in violation of public policy. However, this Court has acknowledged that discharge for the refusal to engage in a price-fixing scheme is actionable under the public-policy exception. See *Landin v Healthsource Saginaw, Inc*, 305 Mich App 519, 524; 854 NW2d 152 (2014). If a scheme to engage in anticompetitive price-fixing to raise the market price of goods is contrary to the public policy, it is not judicial overreach to conclude a scheme directly targeting consumers to raise the prices of their purchases can support a claim of discharge in violation of public policy.

Violations of the MCPA can likewise support a claim of discharge in violation of public policy. Under the MCPA, "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful . . . ." MCL 445.903(1). The act enumerates a number of commercial practices that are unlawful under the act. MCL 445.903(1)(a) through (kk). Under the MCPA, alleged violations of the act are investigated by the attorney general, prosecutors, and law enforcement. MCL 445.905(1); MCL 445.914; MCL 445.915. It also allows individuals subjected to violations of the act to bring an action for damages. MCL 445.911(3). However, there is no provision relating to retaliatory discharge for refusal to violate the MCPA. "[A] public-policy claim may only be sustained if there is no applicable statute prohibiting retaliatory discharge for the conduct at issue." *Lewandowski*, 272 Mich App at 127. Thus, because the MCPA sets forth the state's public policy against certain commercial practices without a remedy for retaliation against an employee, refusing to violate the act can support a claim for discharge in violation of public policy.

Regarding the premise of his claim, plaintiff first alleges that he was wrongfully discharged because he refused to engage in what amounted to unlawful common-law fraud.[1] To succeed on a claim of common-law fraud, a plaintiff must show:

> (1) the defendant made a material representation; (2) the representation was false; (3) when the representation was made, the defendant knew that it was false, or made it recklessly, without knowledge of its truth, and as a positive assertion; (4) the

---

[1] Relevant to this aspect of the issue, defendant submits that plaintiff is actually pleading that he refused to enter into a conspiracy to defraud customers because he has not alleged he refused to engage in a specific fraudulent transaction. In addition to alleging the nature of the sales scheme, plaintiff pleaded that "he refused to participate in charging customers for car accessories without their approval." This can be construed as an allegation that there were multiple transactions in which plaintiff refused to engage. Consequently, defendant's argument lacks merit.

defendant made it with the intention that the plaintiff should act upon it; (5) the plaintiff acted in reliance upon the representation; and (6) the plaintiff thereby suffered injury. [*Roberts v Saffell*, 280 Mich App 397, 403; 760 NW2d 715 (2008).]

Plaintiff further asserts that his allegations describe fraud in the inducement. The elements of fraud in the inducement are the same as the elements for common-law fraud. *Custom Data Solutions, Inc v Preferred Capital, Inc*, 274 Mich App 239, 243; 733 NW2d 102 (2006). The difference between the two claims is that, while common-law fraud relates to misrepresentations of past or existing fact, fraud in the inducement "occurs where a party materially misrepresents future conduct under circumstances in which the assertions may reasonably be expected to be relied upon and are relied upon." *Id*. at 242-243 (quotation marks omitted).

Plaintiff also submits that his allegations stated a claim for innocent misrepresentation. To establish innocent misrepresentation, a plaintiff must show "(1) the defendant made a material representation, (2) the representation was false, (3) the defendant made it with the intention of inducing reliance by the plaintiff, (4) the plaintiff acted in reliance on the representation, and (5) the plaintiff thereby suffered an injury that benefited the defendant." *Zaremba Equip, Inc v Harco Nat'l Ins Co*, 280 Mich App 16, 39; 761 NW2d 151 (2008). A plaintiff "alleging innocent misrepresentation is not required to prove that the party making the misrepresentation intended to deceive or that the other party knew the representation was false." *M&D, Inc v McConkey*, 231 Mich App 22, 28; 585 NW2d 33 (1998).

A plaintiff's reliance on a defendant's misrepresentation must be reasonable. *Foreman v Foreman*, 266 Mich App 132, 141-142; 701 NW2d 167 (2005). "There can be no fraud where a person has the means to determine that a representation is not true." *Nieves v Bell Indus, Inc*, 204 Mich App 459, 464; 517 NW2d 235 (1994). "[A] plaintiff cannot claim to have been defrauded where he had information available to him that he chose to ignore." *Id*. at 465. And "alleged misrepresentations regarding the terms of written documents that are available to the plaintiff cannot support the element of reasonable reliance." *Cummins v Robinson Twp*, 283 Mich App 677, 698; 770 NW2d 421 (2009).

A plaintiff alleging fraud must state with particularity the circumstances constituting the fraud. MCR 2.112(B)(1). This is true when pleading a fraud claim as well as pleading a different type of claim on the basis of an underlying fraud. *Michigan ex rel Gurganus v CVS Caremark Corp*, 496 Mich 45, 63; 852 NW2d 103 (2014). A well-pleaded fraud claim addresses each element of the tort. *Stephens v Worden Ins Agency*, 307 Mich App 220, 229-230; 859 NW2d 723 (2014). The particularity required to plead fraud has been described as "the who, what, when, where, and how of the alleged fraud." *Gurganus*, 496 Mich at 70 (CAVANAGH, J., concurring). "Thus, it is insufficient simply to state that a [party's] conduct was fraudulent." *Glasker-Davis v Auvenshine*, 333 Mich App 222, 232; 964 NW2d 809 (2020).

Plaintiff's first amended complaint does not include the necessary detail to properly state a claim on the basis of an underlying fraud. In his brief on appeal, plaintiff submitted he was directed to engage in a "bait and switch" scheme. The facts pleaded in plaintiff's first amended complaint are not necessarily consistent with how he describes the sales scheme in his brief on appeal. Plaintiff's complaint implies a customer agrees to purchase a particular vehicle and

accessories are added to that vehicle without the customer being told, while his brief on appeal describes defendant's practice of showing customers a vehicle without accessories that it has no intention to sell and then selling the customer a different, more expensive vehicle with accessories.

Irrespective of the sufficiency of the pleading in the first amended complaint, summary disposition under MCR 2.116(C)(8) is inappropriate at this stage in the proceedings. "If a trial court grants summary disposition pursuant to MCR 2.116(C)(8), (C)(9), or (C)(10), the court must give the parties an opportunity to amend their pleadings pursuant to MCR 2.118, unless the amendment would be futile." *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 209; 920 NW2d 148 (2018). Although plaintiff has not pleaded his claim with sufficient particularity, the trial court should have allowed him the opportunity to amend his complaint because it is possible that factual development could entitle him to relief.

Plaintiff's allegations, if expanded, could delineate the specificity required for a public policy violation alleging fraud committed by defendant. Regarding common-law fraud, adding onto a customer's purchase extra accessories at a cost could entail one of defendant's employees knowingly misrepresenting the terms of the sale with the intent the customer would rely on it, the customer reasonably relying on that misrepresentation, and the customer suffering damages as a result. This could be accomplished, for instance, by alleging facts showing employees lied about the source of the added cost and concealed from the customer the true reason for the cost increase. Such facts could also establish a claim for fraud in the inducement, given that the elements are the same and fraud in the inducement pertains to a misrepresentation of future conduct. Innocent misrepresentation does not require a showing of intent to mislead by the defendant, and, therefore, such alleged facts could also support a claim of innocent misrepresentation. Thus, amendment is permissible because there is no indication that amendment would be futile. Plaintiff may factually expand the allegations in his first amended complaint to allege, with specificity, that defendant's sales scheme constituted fraud.

Plaintiff next submits that defendant's alleged sales scheme violates several provisions of the MCPA. Contrary to defendant's contention claiming waiver of the MCPA claim, plaintiff's allegations delineating defendant's new sales scheme could be deemed to violate the MCPA. "[I]t is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 691-692; 822 NW2d 254 (2012). Thus, the fact that plaintiff does not cite the MCPA is not fatal because his complaint sufficiently puts defendant on notice that it will have to defend a claim of discharge in violation of public policy premised on the alleged scheme. Plaintiff has not waived his claim arising from alleged MCPA violations. Moreover, plaintiff may amend his complaint to clarify the specific violations of the MCPA at issue. See *Jawad A Shah, MD, PC*, 324 Mich App at 209.[2]

---

[2] While the MCPA's provisions share some of the language of fraud claims, the act is remedial in nature and most of its provisions do not require proof of intent to defraud a customer. *Brownlow v McCall Enterprises, Inc*, 315 Mich App 103, 125-126; 888 NW2d 295 (2016). Accordingly, a plaintiff does not need to plead every element of a claim under the MCPA. *Id.* at 125. Although

The trial court erred when it granted summary disposition in favor of defendant on plaintiff's claim of discharge in violation of public policy premised on his alleged refusal to engage in illegal fraud and violations of the MCPA. Because an amendment to plaintiff's complaint was not futile, the trial court should have allowed plaintiff an opportunity to plead his claim with the required particularity. *Jawad A Shah, MD, PC*, 324 Mich App at 209. In light of our resolution of this issue, we need not address the contention that the trial court improperly applied the standard governing MCR 2.116(C)(10) when it granted summary disposition in favor of defendant.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Anica Letica

---

plaintiff raised allegations that could be construed as falling within the parameters of MCL 445.903(1)(g), (1)(s), and (1)(y), he may wish to clarify his claims when amending his complaint.